**James E. CLAYTON, et al., Plaintiffs-Appellees/Cross-Appellants,**

**v.**

**Frank THURMAN, Sheriff, Tulsa County, et al., Defendants/Appellants.**

**Nos. 83–2621, 84–1361.**

United States Court of Appeals, Tenth Circuit.

Sept. 30, 1985.

Louis W. Bullock, Cooperating Atty., ACLU, Tulsa, Okl., for plaintiffs-appellees/cross-appellants.

M. Denise Graham, Asst. Dist. Atty., Tulsa, Okl., for defendants/appellants.

Before HOLLOWAY, Chief Judge, and LOGAN and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Pursuant to 42 U.S.C. § 1983, James E. Clayton, an inmate in the Tulsa, Oklahoma, City-County Jail, brought suit on behalf of himself, and others, against Frank Thurman, Sheriff of Tulsa County, Oklahoma, and others, complaining about conditions in the jail. For openers, the plaintiffs asked that the present jail be torn down and a new one built. They also challenged the current jail conditions and practices as they concerned racial segregation, women's rights, visitation rules, access to courts and legal materials, medical and psychiatric care, prisoner security, recreational exercise, freedom of religion, and the like. This action was originally filed by Clayton, *pro se*. Later, Clayton contacted Mr. Louis Bullock, an attorney in Tulsa, Oklahoma, and he became lead counsel for the plaintiffs in the 1983 proceeding. Mr. Bullock describes himself as a cooperating attorney with the American Civil Liberties Union, and he was assisted at different times during the course of this case in the trial court by four other attorneys and a law clerk.

Trial of the case was before the Judges of the United States District Court for the Northern District of Oklahoma, sitting *en banc*. Trial extended over five days and included an inspection of the jail by the three judges. Findings of fact and conclusion of law, signed by all three judges, were entered which were generally in favor of the plaintiffs and against the defendants. No appeal has been taken from the order and judgment based on such findings and conclusions.

The court, sitting *en banc*, also found that the plaintiffs in the underlying action were the prevailing parties for the purposes of 42 U.S.C. § 1988 and set the matter for further hearing regarding attorneys' fees. A hearing was later held by the court, still sitting *en banc*, concerning attorneys' fees and costs. Numerous affidavits were submitted to the court, which also heard oral testimony from several expert witnesses. With all three judges concurring, the court awarded Mr. Bullock, and the four lawyers and a law clerk who assisted him, the sum of $144,930.43, which sum included an expense item in the amount of $8,801.43. Additionally, the court awarded the attorney who represented plaintiffs' counsel at the hearing regarding attorneys' fees the sum of $5,000. Finally, the clerk assessed costs in the amount of $2,492.84.

The defendants thereafter timely filed a notice of appeal to the order of the court awarding attorneys' fees and costs, with the following exception: the defendants did not appeal from the fee awarded the attorney who represented plaintiffs' counsel at the hearing on attorneys' fees, nor did it appeal from that part of the order which fixed expenses at $8,801.43 and costs at $2,492.84. The defendants' appeal appears in this court as No. 83-2621.

Later, the plaintiffs appeared in the trial court before the Honorable Thomas Brett, and sought an order directing immediate satisfaction of that part of the trial court's judgment from which the defendants had made no appeal, i.e., expenses, costs, and the award to the attorney who represented plaintiffs' counsel at the hearing on attorneys' fees. The defendants objected to the request for immediate payment of these monies, claiming that under Oklahoma law they could only be paid over a three-year period. 62 O.S. § 365.5 and 19 O.S. § 6. After hearing, Judge Brett agreed with defendants' position, and denied plaintiffs' request for immediate payment. The plaintiffs then appealed that particular order, and such appeal appears here as No. 84-1361. We have since been advised that the sums in controversy in No. 84-1361 have now been paid, and the judgment, in that respect only, satisfied. Hence, No. 84-1361 is moot.

On appeal, defendants attack the court's award of attorneys' fees on all fronts. De-

fendants argue that since plaintiffs did not prevail in the trial court on all of their claims, or even on a substantial part of their claims, they are not a prevailing party as that term is used in 42 U.S.C. § 1988 and should not be awarded anything. Alternatively, defendants argue that the hours allegedly spent by plaintiffs' counsel on the case are unreasonable and, in instances, duplicative, and that the hourly rate for services rendered is too high.

The trial court awarded Louis Bullock the sum of $53,775, representing 537.5 hours at $100 per hour, which sum is included in the larger amount set forth above, which was awarded to all of plaintiffs' counsel. Additionally, the trial court enhanced the award to Louis Bullock by 33%, i.e., $17,925, which amount is also included in the sum set forth above as representing the *total* fee awarded *all* of plaintiffs' counsel. On appeal, defendants claim this enhancement was unjustified.

■ 42 U.S.C. § 1988 provides that in a 1983 action the trial court, "in its discretion, may allow the prevailing party, ... a reasonable attorney's fee as part of the costs." In the instant case, the three-judge trial court held that the plaintiffs were "prevailing parties" within the purview of § 1988. We are not inclined to disturb this holding. The fact that plaintiffs did not prevail on all of their claims as set forth in the complaint does not mean they were not prevailing parties, within the meaning of § 1988, where, as here, they were successful on many, if not most, of their challenges to conditions in the Tulsa jail. In this regard, we note that jail authorities made some changes immediately after the suit was filed. After trial, although the plaintiffs did not prevail on their request to tear down the old jail and build a new one, the three-judge court did find that plaintiffs' constitutional rights were violated in areas of women's rights, medical care, prison security, due process in the use of "A-section," physical exercise and recreational facilities, and religion, and, in due time, remedial steps were ordered.

■ In awarding attorneys' fees in a civil rights action, the starting point for fixing a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In the instant case, the three-judge court accepted the statements of the five attorneys and one law clerk as to hours actually spent as being reasonable in light of the nature of the litigation. Also, after reviewing each request separately, the court held, with one exception, that the hourly rate request was also reasonable, the exception being that one attorney's request for payment at the rate of $100 per hour was reduced to $80 per hour. We are not inclined to disturb these holdings.

■ Apparently, certain of the attorneys also requested an enhancement of their individual fees. This request was denied to all, except Louis Bullock whose fee, as above indicated, was enhanced by 33%, i.e., $17,925. Although "enhancement" of an attorney's fee in a 1983 proceeding is not to be routinely granted, an enhanced award may be justified where there is "exceptional success" in the litigation resulting from attorney skill and expertise out of the ordinary. *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983); *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983). We find no error in the trial court's enhancement of the fee awarded Louis Bullock. We agree, for the reasons given by the trial court, that Mr. Bullock performed with a level of skill and competence which merits enhancement, and that "excellent results" were obtained as a result thereof.

■ In short, we find no abuse of discretion on the part of the three-judge trial court in awarding attorneys' fees for the five lawyers and one law clerk, including expenses, in the sum of $144,930.43. In thus awarding, the trial court did not violate the guidelines of *Hensley v. Ecker-*

*hart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); and *Ramos v. Lamm,* 713 F.2d 546, 548 (10th Cir.1983). Further, although *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) was not decided until after the trial court made its award, we do not find that the trial court did violence to the teaching of *Blum.*

■ While these appeals were pending, the defendants filed in this Court on March 13, 1985, a motion to supplement the record by including therein copies of orders entered by the trial court on February 15, 1985, which amended, and to some degree modified, the injunctive order entered by the trial court on August 2, 1983, and from which no appeal was taken. This Court, by order dated April 15, 1985, granted the motion to supplement and partially remanded the case to the trial court with directions to that court to promptly hold a hearing, after notice, and determine the effect, if any, of its February 15, 1985, orders, amending its`August 2, 1983, order, upon the trial court's order awarding attorneys' fees, entered September 18, 1983, which is the subject matter of this appeal. In accord with such partial remand, the district court held a hearing on July 25, 1985, and by order of September 5, 1985, determined that its amending order of February 15, 1985, did not warrant any reduction of attorneys' fees previously granted. Our study of the record made on partial remand leads us to conclude that the district court committed no error in declining to adjust downward the fees previously awarded simply because the earlier injunctive order had been amended in certain particulars. Even after such amending orders, the plaintiffs in the underlying proceeding enjoyed a substantial victory and are still prevailing parties for the purposes of 42 U.S.C. § 1988.

In No. 83–2621, the judgment and order is affirmed in all respects.

In No. 84–1361, the appeal is dismissed as moot.