Stevan Wayne MacLAIRD on his own behalf and on behalf of all other persons similarly situated, Plaintiff,

v.

Darrell WERGER, Sheriff and Goshen County, Wyoming, Defendants.

No. C85–0158–B.

United States District Court, D. Wyoming.

March 28, 1986.

Stephen L. Pevar, ACLU—Mt. States Regional Office, Denver, Colo., for plaintiff.

Vincent J. Horn, Nicholas G. Kalokathis, Lathrop & Uchner, P.C., Cheyenne, Wyo., for defendants.

## ORDER GRANTING MOTION FOR ATTORNEY FEES

BRIMMER, Chief Judge.

The above-entitled matter came before the Court pursuant to plaintiff's motion for the awarding of attorney fees. The Court, having reviewed the pleadings and the evidence offered, and now being fully advised in the premises, FINDS and ORDERS as follows:

■ Plaintiff fully prevailed in this civil rights lawsuit when the consent decree was entered, and therefore is entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988. Defendants concede that plaintiff is entitled to attorney fees and they do not dispute either the costs included or the hours expended. The defendants, however, do contest the $100 per hour rate requested by plaintiff's lead counsel. Counsel is entitled to be compensated at the hourly rate paid in the community to other attorneys possessing similar expertise. *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983). The Court concludes that $85 per hour is the relevant rate in Cheyenne, and that $75 per hour is reasonable for local counsel. Thus, lead counsel is entitled to $20,741.70 for 244.02 hours, which includes the 15.1 hours spent in pursuing the application for fees. *Love v. Mayor of Cheyenne*, 620 F.2d 235 (10th Cir.1980). Local counsel is entitled to $375.00 for 5.05 hours.

■ The Court also concludes that lead counsel's request for a one-third enhancement is appropriate in this case. The negotiations over the problems with the Goshen County jail were intricate and difficult, yet through his hard work and expertise, counsel brought this matter to a satisfactory settlement, and avoided the expensive necessity of a jury trial. In a companion case involving the same issues before another judge of this Court, plaintiff's counsel was obliged to try those issues and ultimately dismissed his case, but notes that the disclosure of his evidence enhanced the likeli-

hood of a settlement in this case. The Tenth Circuit stated in *Clayton v. Thurman,* 775 F.2d 1096, 1098 (1985), that an enhanced award is "justified where there is 'exceptional success' in the litigation resulting from attorney skill and expertise out of the ordinary." The Court is convinced that this is such a case. Therefore, it is

ORDERED that lead counsel's motion for attorney fees be, and the same hereby is, granted in the amount of $27,648.69, which includes a one-third enhancement of $6,406.99. It is further

ORDERED that local counsel's motion for attorney fees be, and the same hereby is, granted in the amount of $375.00. It is further

ORDERED that plaintiff's motion for costs be, and the same hereby is, granted in the amount of $4,097.62, and that this matter is hereby dismissed with prejudice.