Steven GRIFFIN, Dorothy Griffin, individually, and as Next Friends for Angie Griffin, a minor, Plaintiffs,

v.

James R. STRONG, Defendant.

Civ. No. 86–C–894G.

United States District Court,
D. Utah, C.D.

July 14, 1993.

Steven Russell, Kathryn Collard, Collard & Russell, Salt Lake City, UT, for plaintiffs.

Patricia J. Marlowe, Salt Lake County Attorney's Office, Salt Lake City, for defendant.

## MEMORANDUM DECISION AND ORDER RE ATTORNEY FEES

J. THOMAS GREENE, District Judge.

This matter is before the court on Plaintiff Steven Griffin's application for attorney fees and costs. Plaintiff has filed memoranda and affidavits supporting his application, and Defendant James R. Strong has filed objections. After due consideration, the court now renders its Memorandum Decision and Order.

### FACTUAL BACKGROUND

In 1986, Steven Griffin was arrested and convicted in state court on two counts of sexual abuse of a child. In 1988, after Griffin

had been incarcerated for over two years, the Utah Court of Appeals overturned Griffin's conviction ruling that his confession to the alleged crimes had been illegally coerced. *State v. Griffin*, 754 P.2d 965 (Utah App. 1988). Shortly thereafter Plaintiffs Steven, Dorothy, and Angie Griffin brought this action pursuant to 42 U.S.C. § 1983 against Strong, the police officer involved in Griffin's interrogation, and Dennis Gale, a social worker. Plaintiffs sought general and punitive damages alleging (1) that Defendant Strong denied Steven Griffin his right to legal counsel under the Sixth and Fourteenth Amendments to the United States Constitution when Strong denied Mr. Griffin access to legal counsel during two custodial interrogations; (2) that Defendant Strong coerced Griffin's confession to the alleged crimes during the two interrogations thereby violating Mr. Griffin's right against self-incrimination protected in the Fifth and Fourteenth Amendments to the United States Constitution; and (3) that Defendants Strong and Gale used threats and intimidation in depriving Plaintiffs of their constitutional right to familial association secured by the Fourteenth Amendment to the United States Constitution.

On May 14, 1990, the court dismissed Plaintiff's first claim (deprivation of the right to legal counsel) on summary judgment. *Griffin v. Strong*, 739 F.Supp. 1496, 1499 (D.Utah 1990). In December 1990, a jury trial was held on the other claims. Since the coercion claim ultimately was to be decided by the court as a matter of law, the jury served only in an advisory capacity as to that claim. The jury found Defendant Gale not liable for any of Plaintiffs' claims. The jury also found Defendant Strong not liable with regard to Steven and Angie Griffin's familial association claims. However, the jury found that Strong had violated Dorothy Griffin's right to familial association, and advised the court in answer to special interrogatories that Strong had coerced Steven Griffin's confession. The court entered its own finding with regard to the coercion claim, as a matter of law, in favor of Defendant Strong. The court declared a mistrial with respect to

Steven and Angie Griffin's familial association claims against Strong, and entered judgment as to the other claims in accordance with the jury verdict.

After certification by the court pursuant to Rule 54(b), Fed.R.Civ.P., Defendant Strong appealed from the jury's verdict on Dorothy Griffin's familial association claim, and Plaintiff Steven Griffin appealed from the court's judgment on the coercion claim. In an opinion filed January 20, 1993, the Tenth Circuit Court of Appeals reversed the jury's verdict with respect to Dorothy Griffin's familial association claim, and ruled in favor of Defendant Strong. *Griffin v. Strong*, 983 F.2d 1540 (10th Cir.1993). In a separate opinion, filed January 27, 1993, the Tenth Circuit reversed the court's judgment on the coercion claim, and ruled in favor of Plaintiff Steven Griffin. *Griffin v. Strong*, 983 F.2d 1544 (10th Cir.1993). The case was remanded back to this court for entry of judgment in accordance with the circuit's instructions, and for retrial of the familial association claim involving Steven and Angie Griffin.

The court entered judgment on April 16, 1993. With respect to the coercion claim, and as found by the jury in special interrogatories, the court awarded Plaintiff Steven Griffin $10,000 in compensatory damages, and $3,000 in punitive damages, for a total of $13,000. The court also ruled that Steven Griffin was entitled to attorney fees for his coercion claim.

## ANALYSIS

### I. PLAINTIFF'S ATTORNEY FEES

■ Based upon the court's entry of judgment, Plaintiff requests an award of $195,652.47 for attorney fees and costs incurred during the litigation of his coercion claim.[1] Title 42 U.S.C. § 1988 provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The standard for qualification as a "prevailing party" is whether Plaintiff "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing

1. This includes Plaintiff's request for a 25% enhancement award. *See infra,* I.C. 2.

suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–279 (1st Cir.1978)). More recently, the Supreme Court has held that "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the Defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* —— U.S. ——, ——, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992).

As a prevailing party, Steven Griffin is entitled under § 1988 to reasonable attorney fees incurred litigating his coercion claim. The first step in determining a reasonable fee is to establish a "lodestar" figure. This is done by multiplying the hours Plaintiffs' counsel reasonably spent on the case by a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543–1544, 79 L.Ed.2d 891 (1984); *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939; *Clayton v. Thurman,* 775 F.2d 1096, 1098 (10th Cir.1985).

### A. Reasonable Hours

Plaintiffs' burden in an application for attorney fees is to "prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1210 (10th Cir.1986). To meet that burden, the Tenth Circuit requires that lawyers keep "meticulous, contemporaneous time records . . ." *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir.1983). In particular,

> These records must reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks—for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on.

*Id.*

Before submitting a fee application to the court, the prevailing party must "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to ex-clude such hours from his fee submission." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–1940.

Two lawyers and two paralegals submitted time records in support of Plaintiff's application for attorney fees: attorneys Steven Russell and Kathryn Collard, and paralegals Stacy Lybbert and Elizabeth Haws. Their time records are sufficiently concise and adequately designate how much time was devoted to particular activities. The court, however, will make appropriate reductions to exclude excessive, redundant, or otherwise unnecessary hours.

#### 1. Travel Time

Travel time is "essentially unproductive," and therefore appropriately "compensable at a reduced hourly rate." *Smith v. Freeman,* 921 F.2d 1120, 1122 (10th Cir.1990) (holding that such a finding is within the trial court's discretion). The time records of Plaintiff's counsel include few requests for travel time. The court will reduce Steven Russell's compensable hours by 4, and Kathryn Collard's by 1.

#### 2. Overlapping and Duplicative Time

The Tenth Circuit said in *Ramos v. Lamm,* 713 F.2d 546 (10th Cir.1983), "[I]f the same task is performed by more than one lawyer, multiple compensation should be denied." *Id.* at 554. With regard to time spent in hearings and depositions, the *Ramos* court explained that "the presence of more than two lawyers during trial or the presence of more than one lawyer at depositions and hearings must be justified to the court." 713 F.2d at 554 n. 4. The court further declared that "[if] three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time." *Id.* (citation omitted).

In this case, it appears that some duplication of effort took place between Plaintiff's counsel. Accordingly, the court will reduce Mr. Russell's compensable hours by 15, Ms. Collard's compensable hours by 14, Ms. Lybbert's compensable hours by 8, and Ms. Haws' compensable hours by 3.

### 3. Post Judgment Time

■ Post judgment time spent bringing unsuccessful appeals or challenging an opponent's successful appeal does not fit under the rubric of "fees for a prevailing party," and should be excluded. Plaintiff's should not receive attorney fees for time devoted to challenging Defendant Strong's appeal to the Tenth Circuit, or to the damages portion of Plaintiff Steven Griffin's successful appeal. The court therefore reduces Mr. Russell's compensable hours by 13.5, and Ms. Lybbert's compensable hours by 5.

### 4. Preparation of the Fee Application

■ Time devoted to preparing Plaintiff's application for attorney fees is only partially compensable. *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1206 (10th Cir.1986). Accordingly, the court will reduce plaintiff's request for these hours by 50%—Mr. Russell by 10.75 hours, Ms. Collard by 7.5 hours, and Ms. Lybbert by 7 hours.

### 5. Clerical Activities and Background Research

■ Time devoted to clerical activities and background research is normally included in firm overhead and is not billable to Defendant. *Ramos v. Lamm,* 713 F.2d 546, 554 (10th Cir.1983). The time records of Plaintiff's counsel indicate that there was a significant amount of time devoted to such activities in this case. For this reason, the court reduces Mr. Russell's compensable hours by 25, Ms. Collard's compensable hours by 15, Ms. Lybbert's compensable hours by 50, and Ms. Haws' compensable hours by 20.

### 6. Excessive Hours for This Litigation

In addition to the specific reductions made above, the court makes an additional general reduction in order to arrive at an hour figure which represents to the court the hours that would be reasonably required by reasonably competent attorneys in handling this litiga-

---

2. A great deal of time in this case was consumed by the presentation of motions which were argued, ruled upon, re-argued, and then presented again in arguments relative to the finalization of pre-trial orders. For instance, the issue of offensive collateral estoppel which this court deter-

tion.[2] Accordingly, the court reduces Mr. Russell's compensable hours by 175, Ms. Collard's compensable hours by 65, and Ms. Lybbert's compensable hours by 21.5.

Based on the principles enunciated above, and after extensive review of Plaintiff's attorneys' time records, the court reduces the submitted compensable hours as set forth in the appendix attached hereto. The court finds that these reductions are necessary in order to arrive at a reasonable hour figure for Plaintiff's lodestar calculation.

### B. *Reasonable Hourly Rates*

■ Appropriate hourly rates for counsel are calculated according to the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). In determining those rates, the fee applicant should produce evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n. 11, 104 S.Ct. at 1547 n. 11.

Plaintiff requests a rate for Ms. Collard of $150 per hour, for Mr. Russell of $125 per hour, for Ms. Lybbert of $50 per hour, and for Ms. Haws of $35 per hour. Based on the relevant rates in the community for this type of litigation, the court finds the reasonable rates in this case to be $145 for Ms. Collard, $120 for Mr. Russell, $50 per hour for Ms. Lybbert, and $35 per hour for Ms. Haws.

### C. *Adjustments to the Lodestar*

### 1. Reductions for Lack of Success

■ The Supreme Court stated in *Hensley* that "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." 461 U.S. at 434, 103 S.Ct. at 1940. Where a plaintiff has prevailed on only some claims, there remain two questions to address:

---

mined to have no application to this case was repeatedly urged upon the court in a vain attempt to avoid the necessity of a trial. *See Griffin v. Strong,* 739 F.Supp. 1496, 1501–1503 (D.Utah 1990).

First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award? *Id.*

At issue in the first question is whether the unsuccessfully prosecuted claims were related or unrelated to the successfully prosecuted coercion claim. If all the claims are determined to involve a common core of facts or common legal issues, then the court may treat the claims as one lawsuit. As the Court in *Hensley* explained:

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

461 U.S. at 435, 103 S.Ct. at 1940.

■ As ordered by the court, Plaintiff has attempted to segregate the attorney fees involved with the coercion claim from those fees which were exclusively related to the other claims. Plaintiff argues that many of the remaining hours, which appear to be devoted to the unsuccessful familial association claims, were too inextricably intertwined with Plaintiff's coercion claim to remove them from the fee request. In fact, Plaintiff argues that many of the same activities which formed the basis for the Griffin's familial association claims also formed the basis for his coercion claim. The court finds that the hours remaining after Plaintiff's segregation attempt were involved with issues which were sufficiently related so as to make further reductions on this basis unnecessary.

■ The next issue is whether the overall success Plaintiff achieved in the litigation merits the amount of attorney fees requested. *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941 ("the most critical factor is the degree of success obtained"). Considering all of the motions and claims presented to the court in this case, it is apparent that Plaintiff has enjoyed only limited success. Plaintiff was successful on only one of three causes of action set forth in the Complaint. The damages the jury awarded Plaintiff for that victory ($13,000) were quite small compared to the amount asked for (over $1 million). Plaintiff's First Cause of Action was dismissed on summary judgment. Finally, the familial association claims of Steven, Dorothy, and Angie Griffin in the Third Cause of Action were unsuccessful against Defendant Gale, and were unsuccessful against Defendant Strong with regard to the relationship between Dorothy and Steven Griffin.

Based upon reasonable compensable hours and hourly rates, the court has calculated Plaintiff's lodestar figure to be $97,137.50. In order to reflect Plaintiff's limited success in this action, the court finds that this lodestar figure should be reduced by 50%, yielding an adjusted fee award of $48,568.75.

### 2. Enhancement of the Fee Award

■ Plaintiff requests a 25% enhancement to his attorney fees award. It is well established that courts may grant an enhancement beyond the lodestar amount under certain circumstances, but not because the case was taken on a contingency basis. *City of Burlington v. Dague*, —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). It is the Plaintiff's burden to show that "such an adjustment is necessary to the determination of a reasonable fee." *Id.* —— U.S. at ——, 112 S.Ct. at 2641 (citing *Blum v. Stenson* 465 U.S. 886, 898, 104 S.Ct. 1541, 1548–1549, 79 L.Ed.2d 891 (1984). After reviewing Plaintiff's request, the court determines that such an enhancement would be inappropriate in this case. Plaintiff's request, therefore, is denied.

## II. COSTS AND EXPENSES

■ Plaintiff requests costs in the amount of $7,964.97. Rule 54(d), Fed.R.Civ. P., states that "*costs* shall be allowed as of course to the prevailing party unless the court otherwise directs." (emphasis added). The word "costs" in rule 54(d) is a term of art, defined by 28 U.S.C. § 1920. *West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, ——, 111 S.Ct. 1138, 1141 n. 3, 113 L.Ed.2d

68 (1991); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987). While this court is given broad discretion in awarding costs, "it has no discretion to award items as costs that are not set out in section 1920." *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).[3]

Plaintiff has lumped together his "costs" with "expenses" which are more appropriately awarded as part of attorney fees under § 1988. *Id.* However, since Plaintiff's "characterization of items is not dispositive of their recoverability," the court will treat Plaintiff's request as one for "costs" and "expenses." *Id.*

### A. *Costs*

■ Plaintiff requests the following "costs" under § 1920:

| | |
|---|---|
| * costs of appeal | $1,990.34 |
| * deposition costs | $1,291.49 |
| * certified court copies | $ 33.25 |
| * other copies | $ 515.35 |
| * witness fees/service of process | $ 74.20 |
| * expert testimony costs | $3,660.38 |
| | $7,565.01 |

Items proposed by prevailing parties as costs "should always be given careful scrutiny." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir.1988) (quoting *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964)). The court must determine whether the claimed costs were "necessarily incurred in the litigation," and if so, whether they are reasonable. *Id.* at 1246.

After reviewing Plaintiff's petition, the court determines that Plaintiff's request for costs is excessive. Plaintiff may not recover costs incurred obtaining additional copies of documents from the case file. In addition, many of Plaintiff's requests for deposition costs and requests for expert witness fees

are supported by inadequate documentation. Finally, Plaintiff's nontestimonial expert witness fees are not recoverable under § 1920 or § 1988. *West Virginia Univ. Hosp. v. Casey*, 499 U.S. 83, 85–86, 111 S.Ct. 1138, 1140, 113 L.Ed.2d 68 (1991). For these reasons, the court awards Plaintiff costs in the amount of $4,857.76.

### B. *Expenses*

■ In addition to "costs," Plaintiff requests the following "expenses" under § 1988:

| | |
|---|---|
| *nontaxable costs relating to the taking of depositions | $322.87 |
| *research related copies | $400.00 |
| | $722.87 |

These expenses can be awarded as "attorney's fees" under section 1988 if (1) they are not absorbed as part of law firm overhead but are normally billed to a private client, and (2) they are reasonable. *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir.1990). As with the other components of the attorney fee award, reasonable expenses are reduced by 50% to reflect Plaintiff's limited success on the merits. Based on these guidelines, the court awards Plaintiff expenses amounting to $361.44.

Based on the foregoing, Plaintiff's application for attorney fees and costs in the amount of $195,652.47 is reduced as set forth in the attached appendix.

Accordingly, it is hereby

ORDERED, that Plaintiff is entitled to an award of $48,930.19 for attorney fees in this action; it is

FURTHER ORDERED, that Plaintiff is entitled to an award of $4,857.76 for costs in this action.

IT IS SO ORDERED.

---

**3.** Only the following items may be taxed as costs:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of [Title 28];
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28].
28 U.S.C. § 1920.

## APPENDIX A

| Name | Hours Claimed | Rate Claimed | Hours Allowed | Rate Allowed | Lodestar |
|------|------|------|------|------|------|
| Russell | 778.8 | $125 | 535.55 | $120 | $64,266.00 |
| Collard | 303.2 | $150 | 200.7 | $145 | $29,101.50 |
| Lybbert | 162.0 | $ 50 | 70.5 | $ 50 | $ 3,525.00 |
| Haws | 30.0 | $ 35 | 7.0 | $ 35 | $ 245.00 |
| Total | | | | | $97,137.50 |

| | |
|---|---|
| Lodestar Calculation: | $97,137.50 |
| Reduction Percentage: | 50% |
| Adjusted Lodestar: | $48,568.75 |
| Expenses Awarded | $ 361.44 |
| Costs Awarded | $ 4,857.76 |
| Total Award | $53,787.95 |