**D.C. COMICS INC. and Warner Bros. Inc., Plaintiffs–Appellants,**

v.

**MINI GIFT SHOP; Beyia Ling d/b/a Mini Gift Shop; New York Gift Shop; Beom Soo Lim d/b/a New York Gift Shop; Kay's Trading; G. Kwang Kay d/b/a Kay's Trading; Continental Shop; Woo Sik Yi d/b/a Continental Shop; J.C. Boutique; "John Doe" d/b/a J.C. Boutique; B & K Gifts; "John Doe" d/b/a B & K Gifts; Glory Gift Shop; Chang Kim d/b/a Glory Gift Shop; Sun Gift; "John Doe" d/b/a Sun Gift; Jina Gift/New Gift Duri Dur; Mr. Cho d/b/a Jina Gift/New Gift Duri Dur; Stevens; Mrs. Sung d/b/a Stevens; Jamaica Shoe Center; S. Han d/b/a Jamaica Shoe Center; Sam's Fashions; and Samuel Son d/b/a Sam's Fashions, Defendants–Appellees.**

**D.C. COMICS INC. and Warner Bros. Inc., Plaintiffs–Appellants,**

v.

**Jin CHEN, I Ping Hu, Sechul Choi, Jagdish Singh, Jyun Sook Hong, Mr. Yoon, David Lipper, Tae Hwan, Ahn, Ralph D'Alessandro, Gene Chow, Mr. Chud, Wa Chung, Mr. Chi, Lin Chau, Lea Lea Chung, T. Sinyeone U, Weichyuan Pien, Susan Ye, Karen Lin, Mr. Ghu and Sao Jin, Defendants–Appellees.**

**D.C. COMICS INC. and Warner Bros. Inc., Plaintiffs–Appellants,**

v.

**Edward EULNER, Harold Sarrett, John Cooper, Sung Il Sim, Diane Kalensky, Kai Winden, Paul Levy, Cathy Marsale, Beverly Allen and "John" Sangirsin, Defendants–Appellees.**

Nos. 1149, 1187 and 1188 Dockets 89–9264, 89–9166 and –9168.

United States Court of Appeals, Second Circuit.

Argued April 19, 1990.

Decided Aug. 16, 1990.

---

J. Joseph Bainton, New York City (William Dunnegan, Stephen R. Palmer, Shea & Gould, New York City, and Bruce G. Filgen, Warner Communications, Inc., New York City) for plaintiffs-appellants.

Glen Caldwell appeared at oral argument, and Karen Lin, Flushing, N.Y., submitted a brief pro se for defendant-appellee Lin.

Kai Winding, named herein as "Kai Winden," pro se, appeared at oral argument.

Before TIMBERS, PRATT and MINER, Circuit Judges.

MINER, Circuit Judge:

Plaintiffs-appellants D.C. Comics Inc. and Warner Bros. Inc. (collectively "Warner") appeal from judgments entered in the United States District Court for the Eastern District of New York (Glasser, *J.*) permanently enjoining defendants from selling merchandise infringing on certain Warner copyrights. The district court refused to award any statutory damages under the Copyright Act, 17 U.S.C. § 504(c) (1988), against certain defendants who consented to permanent injunctions. The court awarded reduced statutory damages of $200 against other defendants who either went to trial or defaulted, finding that any infringement was innocent. *See* 17 U.S.C. § 504(c)(2).

Warner contends that the district court did not have discretion to award reduced statutory damages against defendants who defaulted or failed to present any evidence at trial, because the burden was on the defendants to prove that any infringement was innocent. Warner also asserts that the evidence presented by defendants who testified at trial was insufficient to sustain a finding of innocent infringement, and that the court erred in refusing to award any statutory damages against defendants who consented to permanent injunctions.

For the reasons that follow, we modify the judgment in docket number 89–9264 to increase the damages against each of the defaulting defendants to $500 and affirm as modified. We vacate the judgments against certain defendants in docket numbers 89–9166 and 89–9168, modify the judgments to increase the damages against each of the defaulting defendants whose defaults were entered by the clerk to $500, and affirm the judgments against the defendants who consented to injunctions in those actions.

## BACKGROUND

Warner, through its subsidiaries, owns and licenses certain copyrights related to the comic book character "Batman." Immediately prior to release of the movie *Batman* in the summer of 1989, Warner discovered that merchandise infringing on its copyrights was being sold at various flea markets. At about the same time, Warner discovered that infringing goods were also being sold in retail stores. After making some informal efforts to discourage the sale of such goods, Warner commenced the three actions involved in this appeal seeking permanent injunctions, destruction of the infringing goods, monetary relief and attorney's fees under the Copyright Act. Since the facts and issues differ, the retail store action and flea market actions will be addressed separately.

### I. *The Retail Store Action*

Docket No. 89–9264

On September 20, 1989, Warner commenced an action against twenty-one retail stores and their owners for infringement of its copyrights. Shortly after commencing the action, Warner obtained a temporary restraining order, an order to show cause for a preliminary injunction and an order for accelerated discovery. The summons and complaint in the action, along with the order to show cause, were served on the defendants on September 22, and a hearing on the preliminary injunction was held four days later. On October 5, the district court issued a preliminary injunction by consent, denied Warner's motion for accelerated discovery and set the trial on all remaining

issues for November 14.[1] On November 9, the clerk of the district court filed a certificate of default listing the defendants who had not yet answered the complaint or otherwise appeared in the action.[2]

At the trial on November 14, the defendants appeared pro se and first engaged in a colloquy with the district court in which the judge ascertained whether or not each defendant spoke English and understood the nature of the proceeding. All of the defendants were recent immigrants from Asia who spoke little or no English. The district court explained, through interpreters, that it wanted the defendants' consent to impose an injunction "permanently prohibiting [them] from dealing in goods that display or depict the Batman symbol," and that the plaintiffs also sought damages and attorney's fees. When none of the defendants objected to this request, the court said it would enter an injunction against all defendants and instructed Warner to begin its case.

Warner introduced into evidence infringing merchandise, which its investigators testified was purchased at each of the defendants' stores. The owners of Glory Gift Shop, Jina Gift/New Gift Duri Dur and Stevens each admitted sales of the merchandise in evidence. The owner of Kay's Trading denied selling the merchandise offered into evidence. The owner of Glory Gift Shop said he had put the merchandise in storage after Warner's investigator visited his store and advised him of the infringement, but that the investigator specifically requested the product on a subsequent visit. The investigator who had made the purchase could not recall whether the merchandise was openly displayed, but denied coercing the sale.

Cheryl Rubin, the licensing director for D.C. Comics, testified that she had examined the merchandise introduced into evidence and determined that the goods were not licensed by Warner. Her determination was based on the absence of "proper trademark and copyright notices" and the fact that "the art work was not directly from [D.C. Comics'] style guide." When asked whether a layman could distinguish between licensed and infringing goods, Rubin replied, "Probably not."

The district court found that the defendants had infringed on Warner's copyrights, but that any infringement was innocent. This finding was based, in part, on the court's determination that each of the defendants "did not have the sophistication or level of understanding to move them to make [an] inquiry ... for the purpose of determining whether he is or is not violating some copyright law." The court found that, in light of the lack of intent to violate the copyright laws, an injunction and $200 in statutory damages would sufficiently deter any possibility of future infringements. A single judgment was entered enjoining all defendants from selling infringing merchandise and awarding $200 in statutory damages against both consenting and defaulting defendants.

## II. *The Flea Market Actions*

### Docket Nos. 89–9166, –9168

Warner commenced two actions against "John Does 1–25" and "Jane Does 1–25" doing business at the Aqueduct Flea Market and the Roosevelt Raceway Flea Market by filing complaints in the United States District Court for the Eastern District of New York on June 7, 1989. It thereafter obtained orders to show cause seeking "preliminary injunctive relief pending final disposition of" the actions. Eleven defendants appeared pro se at the hear-

1. The consenting defendants are listed in the preliminary injunction as: New York Gift Shop, Beom Soo Lim d/b/a New York Gift Shop, Kay's Trading, G. Kwang Kay d/b/a Kay's Trading, Continental Shop, Woo Sik Yi d/b/a Continental Shop, Glory Gift Shop, Chang Kim d/b/a Glory Gift Shop, Jina Gift/New Gift Duri Dur, Mr. Cho d/b/a Jina Gift/New Gift Duri Dur, Stevens, Mrs. Sung d/b/a Stevens, Jamaica Shoe Center, S. Han d/b/a Jamaica Shoe Center, Sam's Fashions and Samuel Son d/b/a Sam's Fashions.

2. The certificate of default lists the following defendants: Mini Gift Shop, New York Gift Shop, Continental Shop, Glory Gift Shop, Jina Gift/New Gift Duri Dur, Stevens, Jamaica Shoe Center, Sam's Fashions, J.C. Boutique, B & K Gifts, Royal Gift and Sun Gift.

ing for a preliminary injunction before Judge Glasser on June 14, 1989.[3] Many of these defendants did not speak any English, and all statements had to be translated informally into Korean and at least two Chinese dialects. The hearing revealed that, when serving the summons, complaint and order to show cause, Warner's investigators intimidated defendants, wrote down the license plate numbers of defendants' vehicles, took pictures of defendants and their children, and refused to identify themselves or give any explanation for their acts. Some of the defendants thought Warner's investigators were police officers and that they were being charged with criminal conduct. One defendant was afraid to appear in court and sent his son instead. The district court found the manner in which Warner served the papers to have been "excessive" and noted that this court had recently sanctioned Warner's attorney of record, J. Joseph Bainton, for causing restraining orders to be served in an "unreasonable" and "improper" manner. *See Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125–26, 1128 (2d Cir.1989).

After the defendants' names were noted for the record, Warner's attorney represented to the court his understanding that some of the defendants were willing to consent to a preliminary injunction. The court advised the defendants that if they sold Batman products that were not licensed by Warner, then they violated federal law. The court then asked whether the defendants would consent to an order directing them not to sell Batman merchandise. At the defendants' request, the court clarified its inquiry by stating "what they're facing at the present time is an order from me directing them not to sell things with Batman on it." When the defendants asked whether any penalty was involved, the court responded that it would not grant any monetary award if the defendants consented to the injunction:

> Theoretically there's a statutory penalty that the plaintiffs may have but I'm not going to give it to you.... But if you violate the order, if after I've issued an order directing you not to sell these T-shirts anymore, then you may be in some trouble. Okay?

When counsel for Warner interjected with a statement of his understanding that no damages would be awarded at the present time, the court reaffirmed its intention not to award any damages at all. Judge Glasser stated, "I'm not going to give it to you," and emphasized that he was referring to "[t]he statutory penalty that you may have been entitled to for a violation of a copyright." Warner did not object to issuance of an injunction on this condition.

The court relied on statements by some defendants that they would not sell unlicensed Batman merchandise as consent to an injunction. At this point, Warner's counsel asked if the court intended to issue a permanent injunction. The court said that it was ordering a permanent injunction because the defendants were "all consenting to it." No evidence of infringement by any of the defendants had been offered.

Warner renewed its request for, "under 17 USC 503 [sic], an award of at least a hundred dollars [sic] in statutory damages." The court denied the application for statutory damages and instructed Warner's attorney to submit "an appropriate order." At no time did Warner offer any evidence of copyright infringement. On July 19, consent judgments enjoining defendants from selling unlicensed goods, but awarding no damages, were entered against the defendants who appeared at the hearing.[4]

Almost three months later, Warner returned to the district court to obtain de-

---

**3.** The following defendants appeared at the hearing. Docket No. 89–9166: Sechul Choi, Weichyuan Pien, Tae Hwan Ahn, Karen Lin, I Ping Hu a/k/a Lea Lea Chung, Mr. Ghu, Sao Jin and Gene Chow. Docket No. 89–9168: Harold Sarrett, "John" Sangirsin and Beverly Allen.

**4.** The consent judgments name the following defendants. Docket No. 89–9166: Sechul Choi, Weichyuan Pien, Tae Hwan Ahn, Karen Lin, Lea Lea Chung, Mr. Ghu, Sao Jin and Gene Chow. Docket No. 89–9168: Harold Sarrett, Mr. Sangirsin and Beverly Allen.

fault judgments against the defendants who had not appeared at the hearing and had failed to answer the complaint. On October 5, the clerk of the district court filed certificates of default, drafted by Warner's attorney, against those defendants who had failed to answer the complaint or otherwise appear in the action.[5] The certificate of default in docket number 89–9166 erroneously named I Ping Hu, a defendant who had appeared at the hearing and was named in the consent judgment. *See supra* notes 3 & 4.

The district court entered permanent injunctions by default and awarded Warner damages of $200 against each defaulting defendant on October 31. Final default judgments, containing several errors, were entered against the defaulting defendants on November 2.[6] I Ping Hu was again named as a defaulting defendant after being named in the consent judgment, as was Karen Lin, who had appeared at the hearing, was named in the consent judgment and was not named in the certificates of default. *See supra* notes 3, 4 & 6. The default judgment in docket number 89–9168 named three defendants—Kai Winden, Paul Levy and Cathy Marsale—who were not named in the certificates of default. *See supra* note 5.

### III. *Warner's Contentions on Appeal*

Warner contends that, as to all defaulting defendants in all three actions, the district court abused its discretion by awarding reduced statutory damages of $200 because reduced damages may be imposed only if the defendants establish innocent infringement, a burden they could not have met due to their failure to appear. It therefore seeks a modification of the default judgments to award statutory minimum damages of $500. As to the defendants who consented to injunctions in the

flea market actions, Warner asserts that the district court abused its discretion by awarding no statutory damages. It therefore seeks the statutory minimum of $500 or at least $200 for innocent infringement. Finally, as to the defendants who proceeded to trial in the retail store action, Warner contends that the defendants who did not testify failed to meet their burden of establishing an innocent infringement as a matter of law, and that the defendants who testified offered insufficient evidence. It therefore seeks statutory damages in the amount of $500 against each non-defaulting defendant.

## DISCUSSION

### I. *The Retail Store Action*

Docket No. 89–9264

A "copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages ... in a sum of not less than $500 or more than $20,000 as the court considers just." 17 U.S.C. § 504(c)(1). "Within these limitations the court's discretion and sense of justice are controlling, but it has no discretion when proceeding under this provision to go outside of them." *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106–07, 39 S.Ct. 194, 195–96, 63 L.Ed. 499 (1919). Although *L.A. Westermann* involved the Copyright Act of 1909, ch. 320, § 25(b), 35 Stat. 1075, 1081, its holding applies with equal vigor to the 1976 Copyright Act, *Robert Stigwood Group Ltd. v. O'Reilly*, 530 F.2d 1096, 1102 (2d Cir.), *cert. denied*, 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976); *accord Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 n. 4 (9th Cir.1984), as well as the 1988 amendment at issue here, which merely increased the statutory minimum from $250 to $500

---

**5.** The certificates of default name the following defendants. Docket No. 89–9166: Jin Chen, I Ping Hu, Jagdish Singh, Jyun Sook Hong, Mr. Yoon, Wa Chung, Mr. Chi, Lin Chau, T. Sinyeone U and Susan Ye. Docket No. 89–9168: Edward Eulner, John Cooper, Sung Il Sim and Diane Kalensky.

**6.** The default judgments name the following defendants. Docket No. 89–9166: Jin Chen, I Ping Hu, Jagdish Singh, Jyun Sook Hong, Mr. Yoon, Wa Chung, Mr. Chi, Lin Chau, T. Sinyeone U, Susan Ye and Karen Lin. Docket No. 89–9168: Edward Eulner, John Cooper, Sung Il Sim, Diane Kalensky, Kai Winden, Paul Levy and Cathy Marsale.

and the maximum from $10,000 to $20,000. This court's recent decision awarding only $100 in statutory damages for copyright infringement is not to the contrary because it applied pre–1988 law. *Warner*, 877 F.2d at 1126.

■ However, "[i]n a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court [in] its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2). Since the burden of proving an innocent infringement is on the defendant, *id.*, and the district court did not and could not make any finding of innocence concerning the defendants who failed to appear, the judgment against each defaulting defendant in docket number 89–9264 must be modified to increase the award of statutory damages to $500, which is all that Warner seeks. 17 U.S.C. § 504(c)(1).

■ As to the defendants who participated in the trial, however, the district court's conclusion that their infringement was innocent is primarily a factual determination, which we review using the clearly erroneous standard. *See Fitzgerald Publishing Co. v. Baylor Publishing Co.*, 807 F.2d 1110, 1115 (2d Cir.1986). It is important to note that a finding of innocent infringement does not absolve the defendant of liability under the Copyright Act. Rather, it triggers an equitable remedy, *id.* at 1113, that affords the district court discretion to award damages commensurate with the defendant's culpability, *id.* at 1117.

■ The burden is on the defendants to establish that any infringement was innocent. Although "it is not sufficient for a defendant merely to claim such innocence, and then rely upon the plaintiff's failure to disprove the claim," 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 14.04[B][2][a], at 14–40 (1989), the defendants may rely on evidence introduced by the plaintiff that tends to support their defense of innocence, *see Bradford Audio Corp. v. Pious*, 392 F.2d 67, 73 (2d Cir.

1968). Having chosen to consolidate these individual actions against unrelated defendants, Warner also will not be heard to complain that evidence introduced by one defendant benefits all. In this regard, the district court was presented with evidence that there were no copyright notices on the infringing goods and that a layman would not be able to distinguish between licensed and unlicensed goods based on the style or quality of the art work. This evidence tends to establish that defendants' infringement was innocent. *Compare Dolori Fabrics, Inc. v. The Limited, Inc.*, 662 F.Supp. 1347, 1354 (S.D.N.Y.1987) (Lumbard, C.J., sitting by designation) (copyright mark removed prior to defendant's purchase of infringing goods) *and L & L White Metal Casting Corp. v. Cornell Metal Specialties Corp.*, 353 F.Supp. 1170, 1172, 1174 (E.D.N.Y.1972) (Moore, C.J., sitting by designation) (product purchased from third-party manufacturer with no copyright notice) *with Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F.Supp. 458, 464–65 (E.D.Pa.1987) (defendants not innocent infringers where goods "were clearly marked as being copyrighted material").

■ The mere absence of a copyright mark is not sufficient to establish innocent infringement, of course, if the defendant had reason to believe the goods were copyrighted and unlicensed. The reduction of statutory damages for innocent infringement requires an inquiry into the defendant's state of mind to determine whether he or she "was not aware and had no reason to believe that his or her acts constituted an infringement." 17 U.S.C. § 504(c)(2); *see also Fitzgerald Publishing*, 807 F.2d at 1115. The court determined that the defendants who appeared at the hearing and trial lacked "the sophistication or level of understanding" to prompt an inquiry into the source of the unmarked goods. The court had a short colloquy with each pro se defendant at the start of the hearing. Plaintiffs' own evidence also established that the defendants were unsophisticated merchants. The level of sophistication of the defendant in business is

an entirely proper means of determining whether or not his infringement was innocent. *See Warner*, 877 F.2d at 1126 (court "may take into account the attitude and conduct of the parties"); *cf. Little Mole Music v. Spike Investment, Inc.*, 720 F.Supp. 751, 755 (W.D.Mo.1989) ("experienced operators[ ] in the ... business" were not innocent infringers).

The district court was also presented with testimony by Chang Kim, the proprietor of Glory Gift Shop, indicating that after he received a cease and desist letter from Warner he put all of his Batman merchandise in a back room, and that Warner's investigator asked specifically for the Batman merchandise on a subsequent visit. The investigator testified that he could not recall whether or not the merchandise was on display in the store. From this testimony, the court could reasonably conclude that, but for Warner's specific request for the infringing merchandise, no such merchandise would have been sold at Glory Gift Shop.

The provision for reduced statutory damages affords discretion to the district court "to protect against unwarranted liability in cases of occasional or isolated innocent infringement." 17 U.S.C. § 504, notes of Committee on the Judiciary, House Report No. 94–1476; *see Fitzgerald Publishing*, 807 F.2d at 1116. The district court correctly found that the lack of business sophistication and the absence of a copyright notice on the infringing goods formed a proper basis for a determination of innocent infringement and explained the failure of defendants to inquire as to the source of the goods. *See Dolori Fabrics*, 662 F.Supp. at 1354. Considering all of the facts and circumstances, we cannot say that the district court abused its discretion in determining that a permanent injunction and $200 statutory damages were sufficient to deter future infringements and thereby protect Warner's rights. *See Fitzgerald Publishing*, 807 F.2d at 1117.

## II. *The Flea Market Actions*

Docket Nos. 89–9166, –9168

Unlike the retail store action, no evidence of infringement was offered against the defendants in the flea market actions. The district court sought defendants' consent to an injunction after stating that, although damages are normally awarded in copyright infringement cases, the court would not award any damages if they consented to an injunction. Warner at first insisted that damages were required under the statute, but, when told that the court would not award any damages, did not object to the injunction by consent or seek to introduce evidence of infringement to support a statutory damages claim.

Warner now contends that it established its right to damages and that the district court abused its discretion in not awarding the minimum statutory damages sought. However, an award of damages may not be premised on the defendants' consent to an injunction where, as here, their consent was conditioned on the court's assurance that no damages would be awarded, the plaintiff did not object to that arrangement and no evidence of past infringement was offered. Consent to an injunction under such circumstances is not an admission of past wrongdoing. *United States v. Cook*, 557 F.2d 1149, 1151–53 (5th Cir.1977) (no permissible inference of past wrongdoing from consent to an injunction prohibiting acts in the future), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978); *cf. Swift & Co. v. United States*, 276 U.S. 311, 326, 48 S.Ct. 311, 315, 72 L.Ed. 587 (1928) (Brandeis, J.) ("a suit for an injunction deals primarily, not with past violations, but with threatened future ones; and ... an injunction may issue to prevent future wrong, although no right has yet been violated"). The consent judgments did not contain any admissions of infringement, no evidence of the defendants' alleged past infringement was introduced, and the court never made a finding of infringement. The flea market actions therefore are distinguishable from the retail store action, where the defendants were informed of the potential for a damages award before they consented to an injunction, and Warner presented evidence of each defendant's sales of infringing

goods. Accordingly, we affirm the judgments against consenting defendants in the flea market actions.

Warner was not required to introduce evidence of infringement against the defendants who never appeared in the action. Accordingly, for the reasons stated above in the discussion concerning the retail store action, we modify the default judgments in the flea· market actions to increase the award of statutory damages to $500 against each defendant whose default was entered and affirm as modified. As to defendants-appellees Kai Winden, Paul Levy and Cathy Marsale, who may have been in default but for whom no certificate of default was ever entered, we vacate the default judgments. Finally, we vacate the default judgments against I Ping Hu and Karen Lin, who consented to the injunction and were improperly named on the default judgments.

## CONCLUSION

The judgment in docket number 89–9264 is modified to increase the award of statutory damages against the defaulting defendants to $500 and is affirmed as modified. The judgments against the defendants who consented to injunctions in docket numbers 89–9166 and 89–9168 are affirmed. The default judgments against I Ping Hu and Karen Lin are vacated. As to Kai Winden, Paul Levy and Cathy Marsale, the default judgments are vacated because certificates of their defaults never were entered. The default judgments against the remaining defendants in docket numbers 89–9166 and 89–9168 are modified to increase the award of statutory damages to $500 and are affirmed as modified. No costs are awarded to any of the parties.