James Harold **WILMER, Jr.,** Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS,** Defendant.

**Civ. A. No. 91–2265–GTV.**

United States District Court, D. Kansas.

Dec. 9, 1994.

Arthur R. Stirnaman, Chapman, Waters & Baxter and John L. White, Law Offices of John L. White, Leavenworth, KS, for plaintiff.

Robert D. Beall, Davis, Beall, McGuire & Thompson, Chtd. and David C. VanParys, County Counselor, Leavenworth, KS, for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on defendant's motion, pursuant to Fed.R.Civ.P. 60(b)(4), for partial relief from or modification of judgment (Doc. 189). Defendant seeks an order reducing the judgment against it from $638,477.30 to the amount of $500,000.00 which is the statutory liability cap found in K.S.A. 75–6105(a). For the reasons set forth below, defendant's motion is denied.

Plaintiff was injured on March 26, 1989, in a motorcycle accident on a county road located in Leavenworth County, Kansas. In a diversity jurisdiction personal injury action, plaintiff alleged that defendant Leavenworth County's (the County) negligent maintenance was the proximate cause of the accident and his injuries. Two jury verdicts in favor of plaintiff were set aside. The case was tried to a jury for the third time from August 16, 1993, to August 20, 1993. The jury found the defendant 65% at fault, yielding a judgment for the plaintiff in the amount of $638,457.30.

After entry of judgment on August 20, 1993, defendant moved for a new trial, and the court denied the motion on October 8, 1994. Defendant filed a timely notice of appeal on November 5, 1993. On December 6, 1993, defendant moved to amend the judgment pursuant to Fed.R.Civ.P. 59(e) based on a state statute, K.S.A. 75–6105, which limits a county's tort liability to $500,000. Defendant, which inexplicably had not previously raised this issue, also moved for an enlargement of time pursuant to Fed. R.Civ.P. 6(b)(2). The court denied the motion on December 29, 1993, on the grounds that Rule 59(e) requires that a motion to alter or amend a judgment must be filed within ten days after entry of judgment and that the district court has no authority to enlarge this time limitation. Defendant appealed that order on January 10, 1994.

Defendant's appeals were consolidated, and the Tenth Circuit panel issued an Order and Judgment on August 26, 1994, affirming the district court on all issues. *See Wilmer v. Board of County Commissioners of Leavenworth County*, Nos. 93–3353, 93–3384, 94–3011, 1994 WL 325405 (10th Cir. Aug. 26, 1994). Defendant's petition for rehearing was denied on October 3, 1994.

■ A preliminary question, and one which is dispositive in this situation, is whether this court may even consider granting the relief that defendant seeks in light of the Tenth Circuit's Order and Judgment. Whether the issue is couched in terms of law of the case or preclusion, the "rule is well established that a district court must comply strictly with the mandate rendered by the reviewing court." *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America*, 962 F.2d 1528, 1534 (10th Cir.) (citing *Laffey v. Northwest Airlines, Inc.*, 642 F.2d 578, 584–85 (D.C.Cir.1980)), *cert. denied*, —— U.S. ——, 113 S.Ct. 414, 121 L.Ed.2d 337 (1992). Under this rule, a district court is obligated to follow everything decided by an appellate court "either expressly or by necessary implication." *Cherokee Nation v. Oklahoma*, 461 F.2d 674, 678 (10th Cir.), *cert. denied*, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 489 (1972). At the same time, a lower court is bound to adhere only to those issues previously determined, and not to matters left open by the higher court. *Quern v. Jordan*, 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979).

■ After reviewing the Order and Judgment, along with relevant portions of defendant's briefs submitted in connection with its appeal, the court concludes that the statutory damages cap issue was specifically ruled on by the appellate panel. The Order and Judgment enumerated the six issues raised on appeal and included was the following: "the district court erred in refusing to modify the judgment to $500,000 in accordance with a state statutory limitation on liability, despite Defendant's failure to file a motion requesting modification within the requisite time period." *Wilmer*, 1994 WL 325405, at *1. The court went on to state that this allegation of error was without merit. *Id.*

The court discussed only one of the six issues on appeal and then concluded that "on all of the other allegations of error we affirm for substantially the same reasons given by the district court." *Id.* at *1.

In its appeal defendant addressed the statutory cap issue in both its initial and reply briefs and in its petition for rehearing. Defendant argued in those briefs that its motion before the district court should have been considered under Fed.R.Civ.P. 60(b) which does not impose the same time limit restrictions as Fed.R.Civ.P. 59(e). The court must assume that the appellate panel considered these arguments when reaching its decision.

The court concludes that the statutory cap issue was considered and explicitly decided by the Tenth Circuit panel. Under the law of the case doctrine, this court has no authority to disturb that decision.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion, pursuant to Fed.R.Civ.P. 60(b)(4), for partial relief from or modification of judgment (Doc. 189) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**