James Harold **WILMER, Jr.,**
**Plaintiff–Appellee,**

v.

**BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY,**
**Defendant–Appellant.**

Nos. 94–3412, 95–3006.

United States Court of Appeals,
Tenth Circuit.

Oct. 18, 1995.

Robert D. Beall, of Davis, Beall, McGuire & Thompson, Leavenworth, KS, Chartered for Plaintiff–Appellee.

John L. White, Leavenworth, Kansas, for Defendant–Appellant.

Before MOORE, BARRETT, and WEIS,* Circuit Judges.

MOORE, Circuit Judge.

The defendant Board of County Commissioners appeals from two post-judgment orders entered by the district court in this diversity action pursued under the Kansas Tort Claims Act (KTCA). The underlying judgment, an award of $638,457.30 to plaintiff James Harold Wilmer, Jr., was affirmed in *Wilmer v. Board of County Comm'rs,* 1994 WL 325405, 1994 U.S.App. LEXIS 23825 (10th Cir. Aug. 26, 1994). In appeal No. 94–3412, the Board challenges the district court's authority, on remand from that decision, to order prompt payment of the judgment through issuance of notes or bonds pursuant to Kan.Stat.Ann. § 75–6113, *see*

*Wilmer v. Board of County Comm'rs,* 866 F.Supp. 502, 506 (D.Kan.1994), arguing that state law and our mandate required use of the time-consuming tax levy procedure set out in Kan.Stat.Ann. § 19–108. In appeal No. 95–3006, the Board challenges the district court's refusal to reduce the judgment to the $500,000 limit specified in the KTCA, Kan.Stat.Ann. § 75–6105. *See Wilmer v. Board of County Comm'r's,* 872 F.Supp. 865, 867 (D.Kan.1994). Mr. Wilmer contends these appeals are frivolous and seeks appropriate sanctions. For the reasons explained below, we modify the judgment to conform to the KTCA limit, dismiss the Board's appeal regarding payment of the judgment so modified as moot, and deny Mr. Wilmer's motion for sanctions.[1]

Passing over much of the case's tortuous procedural history, including three successive jury trials and numerous prior appeals, we are at present concerned primarily with events following this court's decision on the Board's last appeal. On remand, the Board filed a motion for partial relief from or modification of judgment, contending that the $500,000 limit imposed by § 75–6105 is jurisdictional and, thus, insofar as the judgment against the Board exceeds that amount, it falls within the remedial scope of Fed. R.Civ.P. 60(b)(4)(providing for relief from final judgment that is "void"). Application of the KTCA cap follows from the plain language of the statute,[2] and the Board's jurisdictional characterization thereof is supported by Kansas case law, *see, e.g., Carpenter v. Johnson,* 231 Kan. 783, 649 P.2d 400, 403 (1982)("An exception written into a tort claims act constitutes a jurisdictional bar."); *Force ex rel. Force v. City of Lawrence,* 17 Kan.App.2d 90, 838 P.2d 896, 901 (1992) (quoting *Carpenter*); *accord Baird v. United States,* 653 F.2d 437, 440 (10th Cir.1981), *cert. denied,* 454 U.S. 1144, 102 S.Ct. 1004, 71 L.Ed.2d 296 (1982)(discussing Federal Tort Claims Act). Thus, the Board's challenge to

---

* Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.

R.App.P. 34(a); 10th Cir.R. 34.1.9. We therefore deny appellant's request for oral argument and order the appeals submitted on the briefs.

2. Mr. Wilmer has never disputed the applicability of § 75–6105 on the merits. *See* Appendix at 133–135; Brief of Appellee at 3–10.

the judgment was not only substantively valid, but properly raised under Rule 60(b)(4), *see, e.g., V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir.1979)(voidness for Rule 60(b)(4) purposes usually involves such jurisdictional deficiencies), which, unlike other subsections of the rule, provides a mandatory remedy that is not subject to any particular time limitation. *See, e.g., Venable v. Haislip*, 721 F.2d 297, 299–300 (10th Cir.1983); *V.T.A., Inc.*, 597 F.2d at 224.

▋ Nevertheless, the district court rejected the Board's request for Rule 60(b)(4) relief, based on what it deemed to be the law of the case established by this court's decision on the Board's last appeal. We review this determination de novo. *See Anthony v. Baker*, 955 F.2d 1395, 1397 (10th Cir.1992)(whether prior decision controls as law of the case is legal issue subject to de novo review); *see also King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 (10th Cir.)(district court's determination whether judgment is void under Rule 60(b)(4) for lack of jurisdiction is reviewed de novo), *cert. denied*, 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990). Because only matters actually decided, explicitly or implicitly, become law of the case, *Guidry v. Sheet Metal Workers Int'l Ass'n, Local 9*, 10 F.3d 700, 705 (10th Cir.1993), it is important to reconstruct the pertinent circumstances surrounding and informing this court's previous decision.

The KTCA cap was initially raised before the Board's last appeal by way of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), which, however, failed to point out the jurisdictional nature of the issue. The district court noted the motion was untimely and denied it on that purely procedural basis without addressing the merits. *See Wilmer v. Board of County Commr's*, 844 F.Supp. 1414, 1421–22 (D.Kan.1993). On appeal, this court explicitly acknowledged the procedural deficiency relied on by the district court and summarily affirmed its ruling "for substantially the same reasons," also without addressing the merits. *Wilmer*, 1994 WL 325405 at *1, *2, 1994 U.S.App. LEXIS 23825 at *2, *4. In a partial dissent, Judge Parker noted his "concern[] about ... whether the

statutory damages cap imposes a jurisdictional limitation under Kansas law," *id.* at 2, although he did not purport to resolve the question. Acknowledging that it "was not adequately briefed on appeal," the judge indicated only that he thought the matter should be remanded for consideration by the district court in the first instance, *id.* at 2.

▋ Law of the case principles do "not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded." *United States v. Caterino*, 29 F.3d 1390, 1395 (9th Cir.1994); *see Shore v. Warden*, 942 F.2d 1117, 1123 (7th Cir.1991), *cert. denied*, 504 U.S. 922, 112 S.Ct. 1973, 118 L.Ed.2d 573 (1992). Thus, when a dispositive procedural deficiency has obviated or deflected consideration of the underlying merits of a claim, the law of the case doctrine does not reach through that procedural ruling to enshrine a substantive determination never in fact made. *See, e.g., DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2d Cir.1994)(law of the case not implicated by denial of motion to recall mandate as procedurally unnecessary in light of adequate remedy available in district court); *Caterino*, 29 F.3d at 1395–96 (law of the case not implicated by affirmance based on waiver of issue); *Borger v. Yamaha Int'l Corp.*, 625 F.2d 390, 395 (2d Cir.1980)(law of the case not implicated by affirmance of order denying JNOV motion on timeliness grounds).

▋ Of course, in light of the familiar axiom that "[i]nsofar as subject matter jurisdiction is concerned, ... a federal court must ... satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and ... is not bound by the acts or pleadings of the parties[,]" *Tafoya v. United States Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir.1984); *see Stanfield v. Osborne Indus., Inc.*, 52 F.3d 867, 872–73 (10th Cir.), *petition for cert. filed* (Aug. 8, 1995)(No. 95–5550), there is a sense in which all possible jurisdictional deficiencies, patent or latent, are "in issue," suppositionally, whenever a case is decided. However, such a theoretical consideration should not be confused with the implicit but *actual* determination necessary to invoke the law of the case doctrine. In-

deed, if this distinction were denied, no jurisdictional deficiency, however dormant or neglected, could ever escape the preclusive reach of the doctrine, a result that would clearly undermine the efficacy of Rule 60(b)(4) and, in the process, contradict the many decisions that have implemented the rule to overturn jurisdictionally void final judgments.[3]

■ One might at this juncture interject that, at least in this particular case, the jurisdictional issue was not just lurking unnoticed in the shadows, but had in fact been recognized, albeit tentatively and only by the dissent. However, even as to jurisdictional questions, the fact that a dissent has explicitly considered an issue does not require the imputation of an implicit determination to the majority. *See, e.g., Luckey v. Miller,* 929 F.2d 618, 620–22 (11th Cir.1991); *Masayesva v. Zah,* 792 F.Supp. 1165, 1169 (D.Ariz.1992)(acknowledging principle from *Beltran v. Myers,* 701 F.2d 91, 93 (9th Cir. 1983), *cert. denied,* 462 U.S. 1134, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983)), *aff'd,* 65 F.3d 1445 (9th Cir.1995). Here, given the majority's unqualified reliance on the procedural disposition of the district court and its silence with respect to the potential jurisdictional implications tentatively suggested but not developed by the dissent, we cannot say this court's prior decision actually resolved on the merits the jurisdictional question of the KTCA cap.[4]

■ Accordingly, we hold that the district court lacked jurisdiction to award damages against the Board in excess of $500,000 and, consequently, erred in refusing to modify its judgment to adhere to that limitation. Under the present circumstances, when both the trial court's error and the necessary correction are straightforward matters of law, we consider it appropriate to exercise our inherent appellate authority to modify the judgment directly and thereby obviate a purely ministerial remand. *See* 28 U.S.C. § 2106 (appellate court "may affirm, modify, vacate, set aside or reverse any judgment ... lawfully brought before it for review"); *see, e.g., Lipsett v. Blanco,* 975 F.2d 934, 943–44 (1st Cir.1992); *D.C. Comics Inc. v. Mini Gift Shop,* 912 F.2d 29, 35, 37 (2d Cir.1990); *McDermott v. Middle East Carpet Co.,* 811 F.2d 1422, 1429 (11th Cir.1987).

We turn now to the Board's appeal from the order directing it to satisfy the judgment through the note and bond procedures referred to in § 75–6113. We note that the underlying judgment, already affirmed on the Board's last appeal, is not at issue here; the only dispute concerns the method and timing of payment. Moreover, the Board admits it has complied with the challenged order with respect to the $500,000 allowed under § 75–6105. Consequently, as the Board evidently concedes, the only controversy possibly remaining with respect to appeal No. 94–3412 involves the Board's "ongoing exposure ... to an improper District Court Order regarding the balance of the judgment in excess of Five Hundred Thousand Dollars." Reply Brief of Appellant at 5. Because we have already held the Board is not liable for that balance, this appeal is moot. *See Clayton v. Thurman,* 775 F.2d 1096, 1097 (10th Cir.1985)(appeal involving only manner of payment mooted by satisfaction of judgment).

■ Finally, we deny Mr. Wilmer's request for sanctions. For obvious reasons, he is not entitled to a sanction award with re-

---

**3.** Some courts have cited this same always-open character of jurisdictional questions as a consideration weighing *against* application of law of the case—the purpose of which is precisely to foreclose further scrutiny—even when such questions have been expressly addressed. *See Potomac Passengers Ass'n v. Chesapeake & Ohio Ry. Co.,* 520 F.2d 91, 95 n. 22 (D.C.Cir.1975); *see also Amen v. City of Dearborn,* 718 F.2d 789, 793–94 (6th Cir.1983), *cert. denied,* 465 U.S. 1101, 104 S.Ct. 1596, 80 L.Ed.2d 127 (1984). We do not adopt an all-or-nothing position in either direction, holding only that jurisdictional questions, like other issues, must actually be decided, explicitly or implicitly, before law of the case may be invoked.

**4.** Consequently, we need not consider whether the prior panel's "resolution" of the issue, contrary to the unopposed authority recognized earlier in this opinion, would constitute such a clear injustice as to require deviation from law of the case constraints in any event. *See Pittsburg & Midway Coal Mining Co. v. Watchman,* 52 F.3d 1531, 1536 n. 4 (10th Cir.1995)(summarizing exceptions to law of the case).

spect to the Board's successful challenge to the district court's denial of Rule 60(b)(4) relief in appeal No. 95–3006. As for appeal No. 94–3412, our sanctions analysis is substantially affected by our conclusion regarding mootness:

> [T]hat we have no jurisdiction to consider the merits of this appeal does not preclude us from imposing sanctions . . . [but] in the absence of such jurisdiction we do not decide whether [the appellant's] arguments are frivolous or well taken. Rather, we look to the obviousness of the jurisdictional deficiency undermining [appellant's] appeal, in connection with the more general question whether the conduct of th[is] litigant[ ] is abusive, as shown by, for example, a history of repetitive and meritless claims, or the pursuit of numerous facially inappropriate motions in this proceeding.

*Okon v. Commissioner,* 26 F.3d 1025, 1027 (10th Cir.1994)(internal citations and quotations omitted), *cert. denied,* — U.S. —, 115 S.Ct. 583, 130 L.Ed.2d 497 (1994). Applying the quoted principle to the particular circumstances of this case, we conclude that sanctions are inappropriate. The Board's challenge to the district court's order regarding payment of the judgment was mooted, in part, by the very success of its other appeal, and its conduct in general before this court cannot be characterized as abusive.

With respect to appeal No. 95–3006, the judgment of the United States District Court for the District of Kansas is MODIFIED IN PART and, as modified, AFFIRMED. Appeal No. 94–3412 is DISMISSED. Appellee's motion for sanctions is DENIED.