**F I L E D**
**OCT 16 2000**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

U.S. ENERGY CORP., a Wyoming
corporation; CRESTED CORP., a
Colorado corporation, doing business
as USE/CC, a joint venture,

Plaintiffs-Appellees,

v.

NUKEM, INC., a New York
corporation; CYCLE RESOURCE
INVESTMENT CORPORATION,
a Delaware corporation,

Defendants-Appellants.

No. 99-1341
(D.C. No. 91-B-1153)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendants appeal the district court's order denying their motion for final satisfaction of judgment, filed pursuant to Fed. R. Civ. P. 60(b)(5). We affirm.

The facts of this case are set out in the order and judgment disposing of defendants' previous appeal. See U.S. Energy Corp. v. Nukem, Inc., Nos. 96-1532 & 97-1332, 1998 WL 738336 (10th Cir. Oct. 22, 1998) (unpublished). The dispute now before us concerns the judgment for damages and imposition of a constructive trust pertaining to contracts to purchase uranium from members of the Commonwealth of Independent States (CIS) which were obtained by Nukem, Inc. (Nukem). Some of the CIS contracts were to fulfill the supply requirements of five American utilities contracts ("the five American utilities contracts"). Those utilities contracts were assets of Sheep Mountain Partnership (SMP), a partnership between plaintiffs and defendant Cycle Resource Investment Corp., a wholly-owned subsidiary of defendant Nukem. Nukem obtained four additional CIS uranium contracts ("the four CIS contracts").

## Motion to Dismiss for Lack of Jurisdiction

As a preliminary matter, we address plaintiffs' motion to dismiss this appeal for lack of jurisdiction. They object to defendants' Rule 60(b)(5) motion as an attempt to relitigate matters decided in the prior appeal. They also claim

2

that because defendants filed an earlier Rule 60(b)(5) motion, the current motion is an attempt to extend the time to appeal the order denying the earlier motion. Although successive Rule 60(b) motions are "inappropriate vehicles to reargue an issue previously addressed by the court," the filing of an earlier Rule 60(b) motion does not divest this court of jurisdiction. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Accordingly, we find appellate jurisdiction.

## Standard of Review

Generally, the standard of review for the denial of a motion filed under Fed. R. Civ. P. 60(b) is abuse of discretion. See, e.g., FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Where, however, the district court's decision did not involve exercise of its discretion, our review is de novo. See Wilmer v. Board of County Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995) (Rule 60(b)(4) determination whether a judgment is void is reviewed de novo); King Fisher Marine Serv. Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 (10th Cir. 1990) (de novo review for Rule 60(b)(4) ruling because "relief is not discretionary if a judgment is void."); see also Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 727-28 (10th Cir. 1993) (Rule 60(b)(2) motion (newly discovered evidence) decided on purely legal grounds; appellate review de novo). Here, appellants' motion was filed pursuant to Rule 60(b)(5) claiming the judgment has

3

been satisfied. The question whether a judgment has been satisfied does not invoke the district court's discretion. Therefore, our review is de novo.

Discussion

On appeal, defendants maintain that in the prior appeal, this court held that the four CIS contracts were not covered by the constructive trust. They contend that the district court's order failed to recognize such a holding and was, therefore, in error. Plaintiffs, on the other hand, argue that the district court held that the four CIS contracts were part of the constructive trust. We determine that the district court order presented for our review does not decide which CIS contracts are covered by the constructive trust. Rather, the district court's order recognizes plaintiffs' claim that "Nukem has failed to furnish them with requests for an accounting of the status of SMP's rights to purchase CIS uranium, the whereabouts of any uranium, and profits from Nukem's use of SMP's five utility supply contracts [the five American utilities contracts]," July 16, 1999 order at 3, thus precluding a finding that the judgment had been satisfied.

Defendants assert that they have paid all the money due to plaintiffs pursuant to the five American utilities contracts. The district court held that payment alone would not satisfy the constructive trust requirements. Although defendants submitted documents purporting to show that the money has been paid, they do not challenge the district court's finding that they have not provided an

4

accounting of the partnership assets.  Accordingly, we hold that defendants have not demonstrated that the judgment has been satisfied.

Appellees' request for sanctions is DENIED.  The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge