FILED
United States Court of Appeals
Tenth Circuit

June 26, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: LARRY WAYNE PARR,

    Debtor.

------------------------------

LARRY WAYNE PARR,

    Appellant,

v.

SIMON E. RODRIGUEZ,

    Appellee.

No. 19-1053
(BAP No. 18-084-CO)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

This appeal arises from a July 21, 2015 order (the Conversion Order) in which the bankruptcy court for the District of Colorado converted Larry Parr's Chapter 11 bankruptcy case to Chapter 7.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Almost three years after the bankruptcy court entered the Conversion Order, Parr challenged that order via a pro se motion for relief from judgment. *See* Fed. R. Civ. P. 60.[1] The bankruptcy court denied Parr's motion, and Parr appealed to the Bankruptcy Appellate Panel of the Tenth Circuit (the BAP). The BAP affirmed. Proceeding pro se, Parr now appeals the BAP's decision affirming the bankruptcy court's order denying his Rule 60 motion.[2] For the reasons discussed below, we affirm.

## Background

Parr filed for Chapter 11 bankruptcy on April 21, 2015. As of that date, Parr's brother "held unliquidated claims against" Parr arising from the brothers' dispute over their mother's probate estate. Aplt. App. 7. Parr's brother liquated those claims in state court, obtained a judgment against Parr for more than $2,000,000, and filed a motion to convert Parr's Chapter 11 case to Chapter 7. The bankruptcy court granted the motion to convert and appointed a Chapter 7 trustee (the Trustee). Parr's brother then sought and obtained a judgment exempting the $2,080,871.20 state-court judgment from Parr's discharge.

---

[1] Parr styled his motion as a "Verified Demand to Revert Movant's Chapter 7 to Chapter 11 Due to [the Conversion Order] being Void of Law." Aplee. Supp. App. 10. But the bankruptcy court construed Parr's "[d]emand" as a Rule 60 motion. *Id.* And because Parr doesn't challenge that construction on appeal, we do the same. *Cf. Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (explaining that "[t]he task of sorting th[r]ough pro se pleadings is difficult at best" and declining to "interfere with" district court's reasonable interpretation of such pleadings).

[2] As the bankruptcy court and the BAP did before us, we liberally construe Parr's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we won't act as his advocate. *See id.*

2

After determining that Parr's "homestead had significant nonexempt equity," the Trustee obtained the bankruptcy court's approval to sell Parr's homestead and then distributed a portion of the resulting proceeds to Parr under Colorado's homestead exemption. Aplt. App. 8; *see also* Colo. Rev. Stat. § 38-41-201. Parr appealed the order approving the sale to the BAP, which dismissed his appeal for lack of standing. We affirmed. *See Parr v. Rodriguez (In re Parr)*, 732 F. App'x 714, 715 (10th Cir. 2018) (unpublished).

In the meantime, Parr sought relief from the Conversion Order under Rule 60. Although the bankruptcy court conducted an evidentiary hearing on Parr's Rule 60 motion, Parr declined to present any evidence, make any arguments, or testify on his own behalf at that hearing. Instead, Parr rested solely on documents he had previously filed with the bankruptcy court. But the bankruptcy court declined to "scour" these documents to "determine which facts or legal theories Parr relie[d] upon." Aplee. Supp. App. 3. Consequently, it denied Parr's Rule 60 motion for failure to prosecute.

Parr then appealed to the BAP. There, he argued he was entitled to relief from the Conversion Order under Rule 60(b)(3) and Rule 60(d)(3) because of fraud. And he also asserted, inter alia, that he was entitled to relief under Rule 60(b)(4) because (1) the bankruptcy court lacked authority to convert the case under 11 U.S.C. § 1112(c); (2) Parr's brother lacked standing to seek conversion; and (3) the Conversion Order resulted in a violation of Colorado's homestead exemption.

3

The BAP rejected Parr's arguments and affirmed the bankruptcy court's order. Parr appeals.

**Discussion**

Generally speaking, "we review [the] bankruptcy court's decisions independently, examining legal determinations de novo and factual findings for clear error." *FB Acquisition Prop. I, LLC v. Gentry* (*In re Gentry)*, 807 F.3d 1222, 1225 (10th Cir. 2015). But to the extent Parr challenges the bankruptcy court's order denying his Rule 60 motion, our standard of review varies depending on the contours of the argument at issue. *Compare, e.g.*, *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (explaining that we typically "review the district court's denial of a Rule 60(b) motion for abuse of discretion"), *with, e.g.*, *Wilmer v. Bd. of Cty. Comm'rs of Leavenworth Cty.*, 69 F.3d 406, 409 (10th Cir. 1995) (noting that we review de novo district court's finding that judgment is void for lack of jurisdiction under Rule 60(b)(4)).

On appeal, Parr first asserts that because he didn't ask the bankruptcy court to convert his case, the Conversion Order is void in the absence of any evidence that Parr was "a moneyed, business, or commercial corporation." § 1112(c); *see also* Fed. R. Civ. P. 60(b)(4) (allowing court to provide relief from final judgment if "the judgment is void").[3] But as the BAP explained, this argument misconstrues

---

[3] On appeal, Parr forcefully argues that a Rule 60(b)(4) motion "may be brought at any time." Aplt. Br. 7 (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006)). But we see no indication that the BAP or the bankruptcy court concluded otherwise. Instead, the BAP found only that to the extent Parr sought relief

4

§ 1112(c); that provision only prohibited the bankruptcy court from converting Parr's case in the absence of a request from Parr if, *as a threshold matter*, Parr was a farmer or a corporation. *See* § 1112(c) ("The court may not convert a case . . . *if the debtor is a farmer or a corporation* that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion." (emphasis added)). Critically, Parr doesn't assert on appeal that he was a farmer or a corporation. Nor does he point to any record evidence that would support such an assertion. Accordingly, he fails to establish that § 1112(c) applies here, let alone that it renders the Conversion Order void.

In his second Rule 60(b)(4) argument, Parr asserts that his brother lacked standing to request conversion because his brother was only "one [c]reditor." Aplt. Br. 4. According to Parr, this renders the Conversion Order void under 11 U.S.C. § 303 because it means that "three or more entities" didn't request conversion. § 303(b)(1). But as the Trustee points out, § 303 says nothing about conversion. Instead, it describes how "[a]n involuntary case may be *commenced*." § 303(a) (emphasis added); *compare* § 303(b)(1) (discussing requirements for commencing involuntary case), *with* § 1112 (discussing requirements for converting case). Thus, Parr's § 303(b)(1) argument fails. And so too does Parr's related assertion that "[t]he

from the July 21, 2015 Conversion Order under Rule 60(b)(3)—rather than under Rule 60(b)(4)—his April 13, 2018 motion was untimely. *See* Fed. R. Civ. P. 60(c)(1) (providing that Rule 60(b)(3) motion "must be made . . . no more than a year after the entry of the judgment or order" challenged). Parr neither identifies any error in the BAP's conclusion nor renews his Rule 60(b)(3) argument on appeal. Accordingly, we do not address that argument further.

[a]ttorneys who benefitted from [the Conversion Order]" were aware of the alleged § 303(b)(1) defect and therefore "committed fraud on" the bankruptcy court by failing to alert it to this issue. Aplt. Br. 9–10; *see also* Rule 60(d)(3) (noting that Rule 60 doesn't "limit a court's power to . . . set aside a judgment for fraud on the court").

Next, in his third and final Rule 60(b)(4) argument, Parr alleges that the Conversion Order is void because that order (and the subsequent sale of his property) violated both Colorado's homestead exemption and Parr's due-process rights. But as the BAP noted, Parr separately "exhausted his appellate rights of the bankruptcy court's orders allowing the sale of the homestead and valuing the homestead exemption," and those orders are now "final." Aplt. App. 18; *see also Parr*, 732 F. App'x 714. Further, Parr fails to explain in his opening brief how the Conversion Order—as opposed to the actual sale of his property or the order that authorized that sale—violated Colorado's homestead exemption. *Cf.* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's opening brief to contain "appellant's contentions and the reasons for them"). Likewise, he fails to provide citations to the record demonstrating that he presented his due-process theory to the bankruptcy court or the BAP. *Cf.* 10th Cir. R. 28.1(A) ("For each issue raised on appeal, all briefs must cite the precise references in the record where the issue was raised and ruled on."). And we see no indication that he did so. Nor do we see any indication that he is making a plain-error argument on appeal. Thus, given Parr's failure to comply with these procedural rules, we treat this entire argument as inadequately briefed and decline to consider it. *See*

6

*Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . marks the end of the road for an argument for reversal not first presented to the district court."); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *Garrett*, 425 F.3d at 840–41 ("[W]hen a pro se litigant fails to comply with [Rule 28], we cannot fill the void by crafting arguments and performing the necessary legal research." (first alteration in original) (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001))).

Finally, Parr asserts that the bankruptcy court abused its discretion in declining to address the merits of his arguments and in denying his Rule 60 motion based solely on his failure to prosecute. But for the reasons discussed above, we conclude that Parr's arguments are either inadequately briefed or fail on their merits. Thus, even assuming the bankruptcy court abused its discretion in failing to reach the merits of those arguments, Parr fails to demonstrate that the bankruptcy court's error prejudiced him. *See Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) (noting that in civil cases, "the party seeking reversal normally must explain why the erroneous ruling caused harm"). Accordingly, we decline to reverse on this basis. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

**Conclusion**

Because Parr fails to demonstrate the bankruptcy court committed reversible error in denying his Rule 60 motion, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge