**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FRED MARK BURNETT;
CAROL ANN BURNETT,

      Plaintiffs-Appellants,

v.

ROBERT L. AMREIN, an individual;
KAREN L. AMREIN, an individual;
B. DOUG GEORGE, an individual;
DANIEL P. POWELL, an individual,

      Defendants-Appellees.

No. 07-1000
(D.C. No. 06-cv-564-REB-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Plaintiffs-appellants Fred Mark Burnett and Carol Ann Burnett (Burnetts)

appeal from the district court's order granting defendants-appellees Robert L.

Amrein, Karen L. Amrein (Amreins), B. Doug George and Daniel P. Powell's

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motions to dismiss and/or for summary judgment that dismissed their complaint with prejudice, and its order denying the Burnetts' motion to vacate various judgments of the Colorado state courts. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Following the Burnetts' unsuccessful defense of a state-court lawsuit concerning their violation of protective covenants and an award of attorney fees and costs in favor of the Amreins, they filed suit in federal district court against the Amreins and their lawyers, Messrs. George and Powell. In the suit, they sought damages under 18 U.S.C. § 1964(a), (c) of the Racketeer Influenced and Corrupt Organizations Act (RICO) arising from defendants' efforts to collect the judgment for fees and costs. Specifically, the Burnetts claimed that the collection efforts violated 18 U.S.C. §§ 1341, 1962(b). In a separate motion, they asked the court to vacate the various adverse state-court judgments as void.

The magistrate judge recommended that the Burnetts' second amended complaint be dismissed with prejudice and their motion to vacate be denied. On de novo review, the district court overruled the Burnetts' objections, adopted the recommendation and dismissed the action with prejudice.

Dismissals under Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity and Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief are reviewed de novo on appeal. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (Rule 9(b)); *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d

-2-

1226, 1236 (10th Cir. 1999) (Rule 12(b)(6)). A de novo standard of review also applies to the denial of a motion to vacate a judgment as void under Rule 60(b)(4). *Wilmer v. Bd. of County Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995). We likewise review a grant of summary judgment de novo. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Applying a de novo standard of review, we affirm the judgment for substantially the same reasons set forth in the magistrate judge's well-reasoned recommendation dated September 12, 2006, and adopted by the district court in its order of October 3, 2006. Our analysis begins with the Burnetts' failure to properly plead a violation of § 1962(b). "To state a RICO claim, a plaintiff must allege that the defendant violated the substantive RICO statute, 18 U.S.C. § 1962, by setting forth four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Deck v. Engineered Laminates*, 349 F.3d 1253, 1256-57 (10th Cir. 2003) (internal quotation marks omitted). The magistrate judge found, and we agree, that "[a]t best, the [second amended complaint] alleges that George and Powell attempted to collect a judgment that the Burnetts allege is invalid." R., Vol. II, Doc. 99 at 9. The Burnetts have failed to cite, and we unaware of any authority to suggest that these allegations support the existence of an "enterprise" within the meaning of RICO.

Next, "[t]he elements of federal mail fraud as defined in 18 U.S.C. § 1341 are (1) a scheme or artifice to defraud or obtain property by means of false or fraudulent pretenses, representations, or promises, (2) an intent to defraud, and (3) use of the mails to execute the scheme." *United States v. Welch*, 327 F.3d 1081, 1104 (10th Cir. 2003). The particularity requirements of Rule 9(b) apply "to RICO predicate acts based on fraud." *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989). "Thus, a complaint alleging fraud [must] set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (internal quotation marks omitted), *cert. denied*, 127 S. Ct. 1334 (2007). We agree with the magistrate's conclusion that the Burnetts' second amended complaint failed to plead the alleged fraud with the particularity required for RICO claims, and instead contained nothing more than general allegations that certain unknown mailings were false, without ever identifying the alleged falsity.

Last, the district court correctly denied the Burnetts' motion to vacate the state-court judgments. As the court held, Fed. R. Civ. P. 60(b) "does not authorize a federal district court to relieve the Burnetts of a judgment entered in state court," R., Vol. II, Doc. 99 at 19, because any such action would violate the *Rooker-Feldman* doctrine. *See Bolden v. City of Topeka,* 441 F.3d 1129, 1139

(10th Cir. 2006) (holding that the *Rooker-Feldman* doctrine "prohibits federal

suits that amount to appeals of state court judgments.").

The judgment is AFFIRMED.[1]

ENTERED FOR THE COURT
PER CURIAM

---

[1]  We construe the Burnetts' motion to disqualify every member of this court as a motion pursuant to 28 U.S.C. § 455.  Because they have not demonstrated any valid grounds for disqualification, we deny the motion.

-5-