**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE A. HOLDER, | No. 08-35432 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05278-RJB |
| v. | |
| MICHAEL C. SIMON, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Lee A. Holder appeals pro se from the district court's judgment sua sponte

dismissing his action under Federal Rule of Civil Procedure 60(b) for relief from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an allegedly fraudulent state court judgment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of subject matter jurisdiction, *Nuclear Info. & Res. Serv. v. U.S. Dept. of Transp. Research & Special Programs Admin.*, 457 F.3d 956, 958 (9th Cir. 2006), and we affirm.

The district court properly dismissed Holder's complaint sua sponte because Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment. *See* Fed. R. Civ. P. 60(b) (providing narrow grounds for relief from a federal court order or judgment, including through an independent action brought under Rule 60(d)); *see also* Fed. R. Civ. P. 12(h)(3) (authorizing sua sponte dismissal for lack of subject matter jurisdiction).

The district court did not abuse its discretion by denying Holder's motion for reconsideration of dismissal because Holder did not identify any applicable basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for abuse of discretion district court's denial of motion to reconsider and stating that reconsideration is only warranted based on newly discovered evidence, clear error, manifest injustice, or intervening change in controlling law).

Holder's remaining contentions are unpersuasive.

**AFFIRMED.**