

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. EC-18-1229-BSL |
| ENRIQUE REYES and GUADALUPE REYES, | Bk. No. 18-11357 |
| Debtors. | |
| ENRIQUE REYES; GUADALUPE REYES, | |
| Appellants, | |
| v. | MEMORANDUM* |
| MIGRAN KUTNERIAN, Deceased; KUTNERIAN ENTERPRISES, | |
| Appellees. | |

Argued and Submitted on January 24, 2019
at Sacramento, California

Filed – April 19, 2019

Appeal from the United States Bankruptcy Court
for the Eastern District of California

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Rene Lastreto, II, Bankruptcy Judge, Presiding

———

Appearances:     James A. Michel argued for Appellants Enrique and
Guadalupe Reyes; David R. Jenkins argued for Appellees
Migran Kutnerian (Deceased) and Kutnerian Enterprises.

———

Before:     BRAND, SPRAKER and LAFFERTY, Bankruptcy Judges.


## INTRODUCTION

Appellants Enrique and Guadalupe Reyes appeal an order
dismissing their motion to vacate an unlawful detainer judgment as void
under Civil Rule 60(b)(4)[1] and Rule 9024. The bankruptcy court dismissed
the motion for lack of subject matter jurisdiction on the basis of *Rooker-
Feldman*.[2] The court further opined that the motion suffered procedural
infirmities and lacked merit. We AFFIRM on the basis that the bankruptcy

---

[1]  Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of
Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil
Procedure.

[2]  The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263
U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker* held that
federal statutory jurisdiction over direct appeals from state courts lies exclusively in the
U.S. Supreme Court and is beyond the original jurisdiction of federal district courts. 263
U.S. at 415-16. *Feldman* held that this jurisdictional bar extends to particular claims that
are "inextricably intertwined" with those a state court has already decided. 460 U.S. at
486-87.

court lacked subject matter jurisdiction over the motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.     Prior litigation between the parties**

In or around March 2010, the Reyeses began renting land (known as the Highland property) for their travel trailer[3] from Kutnerian Enterprises and Mr. Migran Kutnerian ("Kutnerian"). The property is about 7.5 acres and was also occupied by another family, the Bernels, who lived there in a mobile home. The parties initially operated under an oral lease, but in May 2013, Kutnerian presented the Reyeses with a written one-year lease — Land Lease Agreement For Mobile Home ("Lease") — which Mr. Reyes signed. After the Lease expired on April 30, 2014, the lease term was month to month and could be terminated by either party with service of a written 30-day notice.

Kutnerian was not required under the Lease to provide electricity or water, but electricity was provided to the property through a junction box adjacent to the Bernels' mobile home. Instead of connecting to that source, the Reyeses and Bernels agreed that the Bernels would supply electricity to the Reyeses' home via an electrical cord for $20.00 per month.

Disputes arose between the Reyeses and the Bernels, which led to Mr. Bernel unplugging the Reyeses' electrical service and the Reyeses

---

[3]  At times the Reyeses referred to their home as a "travel trailer" and at other times they referred to it as a "mobile home."

seeking a restraining order against the Bernels. Ultimately, the parties agreed to a "mutual stay away" order, which required them to remain at least 10 yards away from each other's residence. Prior to the stay away order, the Reyeses had attempted to get Kutnerian's assistance with the electrical dispute. When that failed, they filed a small claims action against the Bernels. At trial, the court ordered the Reyeses to amend their complaint to include Kutnerian as a party and postponed the trial. When Mr. Reyes informed Kutnerian of the court's directive, Kutnerian said he wanted nothing to do with the suit and that he would rather evict the Reyeses than go to court. When Mr. Reyes again contacted Kutnerian three days later, Kutnerian said he had already started eviction proceedings. The Reyeses' small claims action was eventually dismissed.

## B.     Unlawful Detainer action

While the issue of service was (and continues to be) disputed, on January 23, 2015, Kutnerian caused to be served upon the Reyeses a 30-day Notice of Termination of Tenancy ("30-day Notice"). The Reyeses were to vacate the property by February 28, 2015.

When the Reyeses failed to vacate, Kutnerian filed an unlawful detainer ("UD") complaint. The UD complaint stated that the Reyeses were served with the 30-day Notice by mail and by posting a copy of it on the premises. A proof of service was attached. In response, the Reyeses moved to quash service of the summons. The motion to quash was denied, and the

4

Reyeses were ordered to file an answer by April 1, 2015. They instead filed a demurrer on March 30, 2015. In their demurrer, the Reyeses alleged they were not served with the 30-day Notice. But, in any case, they maintained that they should have received a 60-day notice, because (1) they had lived at the property for over one year, and (2) Cal. Civ. Code § 798.55 requires 60-day notices for mobile home park tenants. The Reyeses argued that the Lease term allowing for a 30-day notice to terminate tenancy was void as contrary to state law. After the Reyeses filed their demurrer, Kutnerian set the UD trial for April 21, 2015. The Reyeses' attempts to vacate the trial date were unsuccessful.

At the beginning of the UD trial, the court told the Reyeses that it had reviewed their outstanding demurrer and that it would consider anything they had raised in their papers as a defense to the UD action. The court also told the Reyeses that once they made their "appearance" in the UD action with their demurrer, Kutnerian could set the matter for trial; i.e., Kutnerian did not have to wait for them to file an answer to set it, nor would the lack of an answer prevent the UD trial from proceeding.

The process server testified at the UD trial that he served the 30-day Notice on the Reyeses by posting a copy of it on their trailer door and by placing a copy of it in the mail. Mr. Reyes maintained that they were never served with the 30-day Notice. The process server testified that he also served the Reyeses with the summons and UD complaint. In closing

argument, Mr. Reyes argued that he and Mrs. Reyes were entitled to a 60-day notice to quit because they were mobile home park tenants. Counsel for Kutnerian argued that the property was not a mobile home park and so a 60-day notice was not required on that basis.

Following trial, the UD court issued an oral statement of decision. As relevant here, the court ruled that the 30-day Notice was sufficient and that the Reyeses were not entitled to a 60-day notice; the 60-day rule under Cal. Civ. Code § 1946.1 did not apply because the Reyeses were renting only land from Kutnerian, not a "residential dwelling." In addition, the Lease provided for a 30-day notice of termination for a month-to-month tenancy. The court did not opine on the mobile home park argument.

The UD court awarded possession of the property to Kutnerian and entered a judgment in favor of Kutnerian and against the Reyeses for $699.99. The Reyeses' demurrer was taken off calendar as moot. The Reyeses were eventually evicted. In the meantime, they appealed the UD judgment to the appellate division of the superior court.

C.     **Unlawful Detainer appeal**

On appeal, the Reyeses reiterated their argument that, as residents of a mobile home park, they were entitled to a 60-day notice of termination of tenancy. They also contended that the UD court had violated their due process rights by not ruling on the demurrer prior to trial, and because they did not file an answer to the UD complaint.

6

The appellate division affirmed the UD judgment, finding that the Reyeses had failed to cite to any evidence in the record supporting their contention that the property was a mobile home park entitling them to 60 days notice to terminate tenancy. In any case, the appellate division found that there was no error on the face of the UD complaint and that it complied with statutory requirements in all respects. Hence, the UD court had personal jurisdiction over the Reyeses.

As for the Reyeses' due process concerns, the appellate division found that the UD court had not erred by holding the trial before hearing the Reyeses' demurrer, since California's UD statutes provide for a trial date within 20 days of the date of the defendant's appearance. The Reyeses "appeared" by their demurrer and, therefore, the trial date was properly set. The appellate division also found that the Reyeses were not prejudiced by the case going to trial without an answer on file. An answer could provide only affirmative defenses, which the Reyeses got to present.

**D.     Reyes v. Kutnerian**

After the Reyeses had learned they were being evicted, but before Kutnerian had filed the UD complaint, the Reyeses sued Kutnerian in the California superior court. Among other claims, the Reyeses argued that Kutnerian failed to give them proper notice to terminate the tenancy. After a successful demurrer eliminated two causes of action, Kutnerian moved for summary judgment on those causes remaining, arguing that the issues

the Reyeses raised had already been decided against them in the UD action. The trial court granted the motion on collateral estoppel grounds and dismissed the Reyeses' complaint. The Reyeses appealed, and the California Court of Appeal affirmed.

### E. The Reyeses' bankruptcy case

The Reyeses filed a chapter 13 bankruptcy case on April 8, 2018. Kutnerian did not file a proof of claim. Instead, after the claim deadline had passed, the Reyeses filed two claims on behalf of Kutnerian totaling $869.99.

#### 1. Motion to Vacate

In the bankruptcy court, the Reyeses moved to vacate the UD judgment ("Motion to Vacate"), arguing that it was "void" because it was obtained through Kutnerian's "extrinsic fraud" on the court. Specifically, the Reyeses contended that Kutnerian defrauded them and the UD court because Kutnerian knew the Reyeses were entitled to a 60-day notice of termination of tenancy and not the 30-day Notice that was the basis for the eviction. Because the 30-day Notice given by Kutnerian and submitted to the UD court was insufficient, argued the Reyeses, the UD court either lacked jurisdiction to enter the judgment, or if it had jurisdiction, the judgment was obtained as a result of the extrinsically fraudulent nature of the notice. The Reyeses contended they were entitled to a lengthier notice period for two reasons: (1) they resided on the property for more than one

8

year; and (2) their residence was subject to California's mobile home tenancy law. Notwithstanding, the Reyeses maintained that they did not receive the allegedly insufficient notice or the UD complaint and summons. They argued that Kutnerian's false statements to the UD court regarding service constituted another "extrinsic fraud" on the court and also deprived it of jurisdiction over the UD action.

The Reyeses also contended that the UD judgment was void because it was obtained through a denial of due process. The Reyeses argued that the UD court violated their due process rights by proceeding to trial before hearing their demurrer and by denying them an opportunity to file an answer to the UD complaint. They maintained that the UD court was required to wait five days to allow them to file an answer after ruling on the demurrer, yet failed to do so. Because they had not yet filed an answer, argued the Reyeses, the UD court had no power to act and proceed to trial.

Lastly, the Reyeses contended that Kutnerian's conduct violated the RICO statutes, 18 U.S.C. §§ 1961-1968, which also supported a finding of extrinsic fraud on the court. The Reyeses argued that Kutnerian engaged in racketeering activity and mail fraud by (1) knowingly sending a lease through the mail which contained provisions void under California law,[4]

---

[4] The basis of this argument was that, because a 60-day notice was required, the provision in the Lease allowing for a 30-day notice of termination of tenancy notice was void under California law.

(2) mailing the allegedly fraudulent 30-day Notice, summons and UD complaint, and (3) unlawfully collecting more monies from the Reyeses than was due for rent and not accounting for those funds. The Reyeses stated that their purpose in filing the Motion to Vacate was not to regain possession of the property, but to restore their good name. They were being denied housing as a result of a "void" UD judgment.

Kutnerian opposed the Motion to Vacate, arguing that the notice and due process issues the Reyeses complained of had already been decided by three levels of California state courts. In essence, argued Kutnerian, the Reyeses were asking the bankruptcy court to exercise appellate review of a final state court judgment and to make a finding that the state courts had erred, which was barred by *Rooker-Feldman*.

In reply, the Reyeses argued that no court had ever considered or ruled on the application of the mobile home tenancy law, whether the Lease provision reducing the termination notice to 30 days was valid, or whether the UD court had jurisdiction to grant the UD judgment. The Reyeses argued that although the UD court may have had jurisdiction over the subject matter generally and personal jurisdiction over them, the UD court had no power to act or enter judgment because it failed to apply the mandatory preconditions for entry of a UD judgment — i.e., proper notice of termination of tenancy to the defendant.

The Reyeses contended they were not asserting error by any previous

10

court. Rather, this motion was the first instance in which they were asking a court to find that the UD judgment was void as a result of Kutnerian's fraud on the court; thus, it was not barred by *Rooker-Feldman*. In addition, *Rooker-Feldman* did not apply because they were invoking substantive rights under the Code — the validity of a creditor's proof of claim and the breadth of a debtor's discharge — which constituted "core" matters.

## 2. The bankruptcy court's ruling on the Motion to Vacate

The bankruptcy court determined that it lacked subject matter jurisdiction to vacate the UD judgment on the basis of *Rooker-Feldman*. Ultimately, the court found that the Reyeses were asking the court to review and void a state court judgment based on alleged legal errors made by the state court, which *Rooker-Feldman* prohibits. The court further opined that the Motion to Vacate was procedurally infirm and that it lacked merit. This timely appeal followed.

## II. JURISDICTION

As discussed below, the bankruptcy court lacked subject matter jurisdiction over the Motion to Vacate under 28 U.S.C. § 1334. However, we have jurisdiction to review the court's order under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court err in determining that it lacked subject matter jurisdiction to vacate the UD judgment?

## IV. STANDARDS OF REVIEW

We review de novo questions of subject matter jurisdiction. *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005); *Davis v. Courington (In re Davis)*, 177 B.R. 907, 910 (9th Cir. BAP 1995). A de novo standard of review applies to the denial of a motion to vacate a judgment as void under Civil Rule 60(b)(4). *Wilmer v. Bd. of Cty. Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995).

## V. DISCUSSION

### A. The bankruptcy court did not err in determining that it lacked subject matter jurisdiction to vacate the UD judgment.

The bankruptcy court determined that it lacked subject matter jurisdiction on the basis of *Rooker-Feldman*, which the Reyeses contest. We conclude that the court lacked jurisdiction for two reasons.

#### 1. Civil Rule 60 did not confer subject matter jurisdiction over the UD judgment.

Civil Rule 60(b)(4), applicable here by Rule 9024, provides for relief from a judgment on the ground that "the judgment is void." A judgment is void only if the court that rendered the judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law. *Owens-Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985).

The law is quite clear that Civil Rule 60(b) applies to relief from judgment of a **federal** court; it does not provide a basis for subject matter

12

jurisdiction over a claim for relief from a **state** court judgment. *Holder v. Simon*, 384 F. App'x 669 (9th Cir. June 21, 2010) (affirming district court's dismissal of complaint seeking to vacate an alleged fraudulent state court judgment under Civil Rule 60(b)); *Bonilla v. Ervine*, No. 2:18-1354, 2018 WL 4613150, at *1 (E.D. Cal. Sept. 26, 2018) (citing *Holder*); *Bland v. Pfieffer*, No. 3:17-02309, 2018 WL 2717783, at *2 n.1 (S.D. Cal. June 6, 2018) (state court judgments are not subject to attack under the Federal Rules of Civil Procedure) (citing *Wash.-Baltimore News. Guild, Local 35 v. Wash. Post Co.*, 442 F.2d 1234, 1239 (D.C. Cir. 1971) ("Of course, neither [Civil] Rule 60(b) per se nor, for that matter, any other of the Federal Rules of Civil Procedure was ever designed to apply to proceedings in other than the United States District Courts.")); *Florimonte v. Borough of Dalton*, No. 3:17-01063, 2017 WL 7542619, at *4 (M.D. Pa. Dec. 14, 2017) ("[Civil] Rule 60(b) only authorizes a federal district court to set aside one of its own judgments or orders — it does not authorize it to vacate a *state court* judgment or order.") (emphasis in original), *aff'd*, 2018 WL 814004 (M.D. Pa. Feb. 9, 2018), *aff'd*, 735 F. App'x 53 (3d Cir. 2018); *Thomason v. Moeller*, No. 4:16-141, 2017 WL 241322, at *17 (D. Idaho Jan. 19, 2017) ("A state-court action is not subject to being modified or set aside under the Federal Rules."); *Scorpio Music (Black Scorpio) S.A. v. Willis*, No. 11-1557, 2016 WL 29620, at *1 n.2 (S.D. Cal. Jan. 4, 2016) (citing *Holder* and *De Mol v. Grand Canyon Title Agency*, 2010 WL 4269534, at *1 (D. Ariz. Oct. 25, 2010)); *Mather v. First Hawaiian Bank*, No. 14-

00091, 2014 WL 7334880, at *3 (D. Haw. Dec. 19, 2014) ("[Civil] Rule 60(b)(4) does not allow this court to vacate state-court orders and judgments as void."); *Copeland v. Bank of Am. Servicing*, No. 13-1578, 2014 WL 12707481, at *1 (C.D. Cal. Jan. 27, 2014) (citing *Holder*); *Williams v. Apker*, 774 F. Supp. 2d 124, 128 (D. D.C. 2011) ("[Civil] Rule 60(b) . . . only provides a federal district court with subject matter jurisdiction over requests for reconsideration of federal district court decisions; it does not give the court jurisdiction to relieve a party from state court judgments[.]"); *Burnett v. Amrein*, No. 06-00564, 2006 WL 2859625, at *11 (D. Colo. Oct. 3, 2006), *aff'd*, 243 F. App'x 393 (10th Cir. 2007) (federal district court has no jurisdiction over Civil Rule 60(b)(4) motion alleging state court judgments are void).

Therefore, Civil Rule 60 did not confer jurisdiction on the bankruptcy court to vacate the UD judgment.

## 2. The relief the Reyeses sought in the Motion to Vacate was barred by *Rooker-Feldman*.

*Rooker-Feldman* provided another basis for dismissing the Motion to Vacate. In short, all of the Reyeses' arguments supporting their contention that the UD judgment is void have been decided against them, at least twice, by the California courts.

The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir.

14

2007). The *Rooker-Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction over suits "[b]rought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The Reyeses contend the void *ab initio* exception to the *Rooker-Feldman* doctrine applies here, because (1) Kutnerian procured the UD judgment through extrinsic fraud on the court, and (2) the UD court lacked jurisdiction to enter the UD judgment. Under the void *ab initio* exception, a federal court may review a decision entered by a state court if the state court proceedings are a legal nullity and void ab initio. *See James v. Draper (In re James)*, 940 F.2d 46, 52 (3d Cir. 1991). The underlying concept is that "[a] state court judgment is subject to collateral attack if the state court lacked jurisdiction over the subject matter or the parties, or the judgment was procured through extrinsic fraud." *Lake v. Capps (In re Lake)*, 202 B.R. 751, 758 (9th Cir. BAP 1996).

> Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud. *Rooker–Feldman* therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud.

15

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004).

In an attempt to establish extrinsic fraud, the Reyeses argue:  (1) they were never served with the 30-day Notice as Kutnerian told the UD court; (2) they should have received a 60-day notice from Kutnerian under California law; and (3) because they did not receive proper notice of the UD summons and complaint, the UD court was without jurisdiction to hear the action or award relief. None of the acts of which the Reyeses complain constitutes "extrinsic fraud."

"The basic requirement for invoking the extrinsic fraud exception is that there has been no fair adversary trial at law, either because the aggrieved party was kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense." *In re Lake,* 202 B.R. at 758 (citing *United States v. Throckmorton*, 98 U.S. 61, 65 (1878)); *see Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("Extrinsic fraud is conduct which prevents a party from presenting his claim in court."). In contrast, with respect to the UD action, the Reyeses: (1) filed a motion to quash; (2) filed a demurrer; (3) appeared at the UD trial, testified and cross-examined witnesses; and (4) appealed the UD judgment to the appellate division. Clearly, they were not kept in ignorance of the UD action, and in no way were they prevented from presenting their claims or defenses.

Furthermore, and contrary to their argument, all of these issues were

litigated before, and rejected by, the California courts. Since the UD court entered the judgment, it implicitly found against the Reyeses on their argument that they failed to receive the 30-day Notice. The UD court expressly ruled against them regarding the necessity for a 60-day notice to quit; they were renting land from Kutnerian, not a residential dwelling. As for the mobile home park issue, that was raised in the Reyeses' demurrer, which the UD court reviewed, and Mr. Reyes raised it again in closing argument at the UD trial. The UD court did not discuss this issue in its oral statement of decision, but it apparently ruled against them on that. The Reyeses raised all of these issues again on appeal, but the appellate division affirmed, expressly finding that a 30-day notice was sufficient, that Kutnerian provided such notice, and that the Reyeses had failed to establish that the property was a mobile home park entitling them to a 60-day notice to quit. That decision is final. The Reyeses also raised the notice issue in their lawsuit against Kutnerian before the California superior court, which ruled against them, and the California Court of Appeal affirmed. That decision is also final.

Ultimately, the California courts ruled that only a 30-day notice was required and that Kutnerian provided it. In turn, the 30-day notice of termination of tenancy provision in the Lease was not unlawful as the Reyeses contend. Since the 30-day Notice was proper and the Reyeses were served with it, the UD court had jurisdiction, both over the subject matter

17

and over the Reyeses.

The Reyeses also argue that the UD judgment was void because it was obtained through a denial of due process. For this argument, they assert that the UD court violated their due process rights by entering a judgment before they had filed an answer. The issue about the right to file an answer and whether the UD judgment could be entered without one was raised at the UD trial and rejected by the UD court. The Reyeses raised this issue again on appeal and the appellate division affirmed, ruling that the process that occurred in the UD action complied with California law. In addition, the Reyeses had failed to show how they were prejudiced without having filed an answer; they were able to litigate all issues at the UD trial, including anything they raised in the demurrer or would have raised in an answer.

In summary, all of the reasons why the Reyeses argue that the UD judgment is void — i.e., improper notice, improper service, due process errors by the UD court — were litigated before, and rejected by, the California courts. The Motion to Vacate constituted nothing more than an appeal of the UD judgment for alleged legal errors by those courts, which *Rooker-Feldman* prohibits. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court

judgment."); *Kougasian*, 359 F.3d at 1139-40; *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859-60 (9th Cir. 2008). The fact the Reyeses have not brought their motion before the UD court is telling.

Because the Motion to Vacate did not confer jurisdiction on the bankruptcy court to vacate the UD judgment, and because the relief the Reyeses were seeking in the Motion to Vacate was barred by *Rooker-Feldman*, the bankruptcy court did not err in determining that it lacked subject matter jurisdiction. Thus, dismissal of the Motion to Vacate was proper.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM.